ARCHIE P. AUSTIN, PETITIONER v. LEONEL BRUNNEMER, RICHARD J. BRYANT, HARVEY H. ELMORE, SR., J. BART HALL, RUSSELL H. STEPP, R. W. THORNBURG AND DR. W. L. WOODY, MEMBERS OF THE BOARD OF ADJUSTMENTS OF GASTON COUNTY PLANNING & ZONING COMMISSION, AND CHARLES McGINNIS, ZONING ADMINISTRATOR, RESPONDENTS.

(Filed 23 March, 1966.)

1. Counties § 2.1—
    *Certiorari* to review the proceedings and order of a county Board of Adjustment gives the Superior Court jurisdiction to review the proceedings for error of law and to give relief against arbitrary, oppressive action or abuse of authority.

2. Same—
    Where a zoning ordinance prohibits construction or use of any building in the zoned area except those specifically permitted or authorized, a

business not so specified is prohibited in the zone, notwithstanding that other portions of the ordinance make no provisions in regard to such use.

**3. Same—**

The Superior Court, on *certiorari* from the denial of a building permit for a prohibited use, may order the issuance of the permit only if the applicant has changed his plans from a prohibited use to one that is permitted, and the proposed structure otherwise conforms to the zoning requirements.

**4. Same—**

Where a zoning ordinance specifically authorizes the Board of Adjustment to permit a variance from the terms of the ordinance in its discretion, subject to specific limitations, upon a showing of special conditions upon which a literal enforcement of the ordinance would result in undue hardship, the Board of Adjustment has authority to allow a proper variance in its discretion without change in or modification of the ordinance, and denial of such application on the ground that the intended use violates the ordinance and that no sufficient reason had been shown why the Board should modify the ordinance, requires remand for consideration of the application by the Board in the exercise of its discretion rather than as a strict legal right.

MOORE, J., not sitting.

APPEAL by respondents from *Falls, J.,* October 11, 1965 Civil Session, GASTON Superior Court.

The petitioner originated this proceeding on March 19, 1965, by "application and request to the Board of Adjustment to grant a special exception and variance in the Zoning Ordinances of Gaston County," and to order the building inspector to issue a permit (which he had refused) to the end that the petitioner may erect a concrete body repair shop and garage on his lot located in Wilkinson Boulevard and Interstate 85 Zoning District of Gaston County. The lot is located in Zone N-1 (neighborhood use) and borders on Zone H-1 (highway use). The Board of Adjustment denied the application, refused to grant a variance permit, and sustained the building inspector upon the ground the intended structure and use violated the zoning ordinances.

On *certiorari*, the Superior Court reviewed and reversed the decision of the Board of Adjustment and ordered that the permit issue. The respondents excepted and appealed.

*Gaston, Smith & Gaston by Harley B. Gaston, Jr., Hollowell and Stott by Grady B. Stott for respondent appellants.*

*Brown & Brown by Joseph G. Brown; Frank P. Cooke for petitioner appellee.*

HIGGINS, J. This controversy involves the petitioner's application for a permit to erect a building to be used as "a garage and body shop on the lot located in Zones H-1 and N-1 of Wilkinson Boulevard and Interstate Highway 85 Zoning District in Gaston County." The petitioner bought the lot on January 31, 1964, and began grading and preparing the lot for the building. The zoning ordinance became effective April 1, 1964. The building inspector declined to issue the permit on the ground the intended use of the building violated the zoning ordinance. The petitioner made application to the Board of Adjustment "to grant a special exception and variance" upon the ground he had purchased the lot, had begun developing it before the effective date of the ordinance, had expended large sums of money in buying, grading, and fencing the lot upon which he had erected a sign, "Future Home of Austin's Body Shop,"; that a literal enforcement of the zoning ordinance would result in undue hardship.

In passing on the petitioner's application for the variance permit, "The Board of Adjustment being of the opinion that the building permit applied for is contrary to the zoning ordinance . . . and no sufficient reason having been shown why . . . the zoning ordinance should be modified so as to authorize the issuance of said permit, the order of the building inspector is approved and the building permit applied for is denied."

The petitioner applied for and obtained from the Superior Court a writ of *certiorari* to review the proceedings and the order of the Board of Adjustment. The writ brought before the court the duty to review the proceedings. *Chambers v. Board of Adjustment,* 250 N.C. 194, 108 S.E. 2d 211; *Winston-Salem v. Coach Lines,* 245 N.C. 179, 95 S.E. 2d 510; *Belk's Department Store v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897. As a result of the review in the Superior Court, the trial judge (among others) made these findings and conclusions:

"(7) That the zoning ordinance nowhere contains a classification for an automobile paint and body repair shop, such as the type sought to be built by the petitioner. That the provisions of H-1, in which the petitioner's property lies, contains no provisions for the construction and maintenance of such enterprise, nor does it anywhere in the ordinance spell out under any classification the right of the petitioner to operate and maintain the said business. That the operation of an automobile paint and body repair shop is not an unlawful enterprise and is not a nuisance *per se.* That the petitioner's application for an automobile paint and body repair shop is a part of certain law-

ful uses which are enumerated in H-1 and N-1, and the Court is of the opinion that the zoning ordinance should be construed liberally."

The trial court ordered the inspector to issue the permit "unless other cause for denial is apparent and not considered in this hearing."

The zoning ordinances prohibit the construction or use of any building in the zoned areas except those which are specifically permitted or authorized. The application for a building permit must designate its planned use. When it appears that the intended use violates the ordinance, the permit should be denied. If the proposed builder changes the plans for the use from one that is prohibited to one that is permitted, a permit upon the permitted use should be issued, provided the building otherwise conforms to the zoning requirements:

"DIVISION 2.   ZONING ADMINISTRATION.

Section 77.   Building Permits.

"No building, structure or sign or any part thereof shall be erected, added to or structurally altered, nor shall any excavation for such building or structure be commenced until a building permit therefor has been issued by the Zoning Administrator."

See *Mitchell v. Barfield,* 232 N.C. 325, 59 S.E. 2d 810.

The zoning ordinances were passed by the Board of Commissioners of Gaston County under the authority of Article 20-B, codified as G.S. 153-266.10, and succeeding sections. The Board of Adjustment was established under G.S. 153-266.17. Any changes in the zoning regulations can be made only by the Board of Commissioners. The Board of Adjustment is authorized to hear and decide appeals from administrative officials charged with the duty of administering the ordinances. The ordinance provides:

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance, the board of adjustment shall have the power, in passing upon appeals, to vary or modify any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done." *In Re Pine Hill Cemeteries,* 219 N.C. 735, 15 S.E. 2d 1.

The Board of Adjustment found the building inspector refused

to issue the permit for which the petitioner had applied and that the zoning ordinance does not provide for the erection of an automobile paint and body shop, and sustained the action of the inspector in refusing the permit.

The Superior Court found on the record that the zoning ordinance nowhere contained a classification for an automobile paint and body repair shop "which is not an unlawful enterprise and not a nuisance *per se*"; that the operation of such a shop is a lawful one and that the permit should issue. The court's order that the permit should issue as a matter of right contravenes the general theory of zoning. The zoning boards act under legislative authority to make rules and regulations in the interest of public morals, health and safety. "The decisions of the board are final, subject to the rights of the courts to review errors in law and to give relief against its orders which are arbitrary, oppressive, or attended with manifest abuse of authority." *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E. 2d 128, 168 A.L.R. 1; *Mullen v. Louisburg*, 225 N.C. 53, 33 S.E. 2d 484; *Pue v. Hood*, 222 N.C. 310, 22 S.E. 2d 896.

The trial court committed error in finding the petitioner's intended use of his property as a paint and body repair shop was not in violation of N-1 and H-1, and is not prohibited under the zoning ordinances; and that the petitioner was entitled to the permit as a matter of right. The judgment is erroneous, and is reversed.

The Board of Adjustment likewise was in error in denying the permit because the zoning ordinance did not provide for the erection of a building to be used as a paint and body repair shop. By the nature of the application the petitioner concedes the ordinance does not specifically permit a building for the intended use. The petitioner stressfully contends, however, that a strict enforcement of the ordinance would impose a great hardship on him; that he selected the location, bought the lot, planned the building, and advertised its purpose and location before the zoning ordinance became effective; and while his plans had not been carried out to the extent which would entitle him to complete them as a nonconforming use, nevertheless, under the variance provision of the ordinance, these and other facts justify the granting of the permit. *In Re Tadlock*, 261 N.C. 120, 134 S.E. 2d 177; C.J.S., Vol. 101, Zoning, § 192, p. 954.

Section 72(b) of the zoning ordinance empowers the Board of Adjustment:

"To authorize upon appeal in special cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforce-

ment of the provisions of the ordinance will result in undue hardship, and so that the spirit of this ordinance shall be observed and substantial justice done in considering all proposed variances to this ordinance, the board shall before making any finding in a specific case first determine that the proposed variance will not constitute any change in the zoned boundaries shown on the zoning map and will not impair any adequate supply of light and air to the adjoining properties or materially diminish or impair established property values within the surrounding area or in any respect impair the public health, safety, morals, and general welfare."

The Board of Adjustment denied the permit on the ground the building for the intended use violates the ordinance and that no sufficient reason is shown why the Board should modify the ordinance in this instance. To grant a variance as contemplated by § 72(b) does not require any change in or modification of the ordinance. The provision for the variance is as much a part of the zoning ordinances as any other provision. Within the limitation of § 72(b) the Board of Adjustment, in its discretion may grant the permit without violating the zoning ordinances or without modifying them if, in the judgment of the Board, the showing is sufficient. So long as the Board of Adjustment stays within the framework of § 72(b) its actions are within the law. The Board should pass on the application as a matter of discretion rather than of strict legal right.

The judgment entered in the Superior Court is reversed and the cause is remanded to the Superior Court which in turn will remand the proceedings to the Board of Adjustment to pass on the application for a variance permit, in its discretion.

Remanded with directions.

Moore, J., not sitting.