TOWN OF HILLSBOROUGH, a Municipal Corporation v. CLARENCE
DUPREE SMITH and Wife, MAE L. SMITH

No. 17

(Filed 10 December 1969)

**1. Municipal Corporations § 30— building permit — rights of permittee — effect of subsequently enacted ordinance**

The issuance by a municipality of a valid building permit does not, of itself, confer upon the holder thereof a vested property right, but such permit may be revoked by or pursuant to a zoning ordinance otherwise valid and adopted prior to the taking by the holder of any action in reliance upon the permit; but where, in bona fide reliance upon the permit, the holder constructs the building authorized thereby, his right to use it for the intended purpose, not otherwise unlawful, vests and may not be taken from him by a subsequently enacted zoning ordinance.

**2. Municipal Corporations § 30— building permit — nonconforming use — acquisition of vested right — substantial expense**

In order for the holder of a building permit to acquire a vested right to carry on a nonconforming use of his land, it is not essential that the permit holder complete the construction of the building and actually commence such use of it before the revocation of the permit, but it is sufficient that, prior to the revocation of the permit or enactment of the zoning ordinance and with the requisite good faith, he make a substantial beginning of construction and incur therein substantial expense.

**3. Municipal Corporations § 30— reliance upon building permit — nature of landowners' expenses — change in land**

There is no basis for distinction between the landowner who, with the requisite good faith and reliance upon a building permit, expends money in activity resulting in visible, physical changes in the condition of the land and the landowner who expends a like amount in the acquisition of construction materials and equipment to be used in the building or who incurs binding contractual obligations requiring expenditures for construction or for acquisition of materials and equipment.

**4. Municipal Corporations § 30— building permit — basis of landowner's right to build — change of position**

The basis of the landowner's right to build and use his land, in accordance with the building permit issued to him, is not the giving of notice to the town through a change in the appearance of the land but is the landowner's change of his own position in bona fide reliance upon the permit.

**5. Municipal Corporations § 30— building permit — revocation of permit — rights of landowner — substantial expenditures**

One who, in good faith and in reliance upon a permit lawfully issued to him, makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building for the proposed use authorized by the permit, may not be deprived of his right to continue such construction and use by the revocation of such permit,

whether the revocation be by the enactment of an otherwise valid zoning ordinance or by other means, and this is true irrespective of the fact that such expenditures and actions by the holder of the permit do not result in any visible change in the condition of the land.

**6. Municipal Corporations § 30— issuance of building permit — subsequently enacted zoning ordinance — rights of landowners**

Landowners acquired vested right to construct and use a proposed building for a dry cleaning business in reliance upon a building permit issued to them by a municipality, notwithstanding the subsequent enactment of a zoning ordinance prohibiting such use, where (1) there was uncontradicted evidence that, after the issuance of the permit and before both the passage of the zoning ordinance and the revocation of the permit, the landowners purchased the land and incurred substantial contractual obligations for the construction of the proposed building and the purchase of dry cleaning equipment and (2) the jury found, upon sharply conflicting evidence, that the expenditures were made in good faith in reliance upon the permit and without notice of the pending zoning ordinance.

**7. Municipal Corporations § 30— action to restrain noncompliance with zoning ordinance — vested rights of landowner**

In an action by a municipality seeking to restrain landowners, who were holders of a building permit issued by the municipality, from continuing construction work on their land until they obtained a zoning permit therefor in compliance with a zoning ordinance enacted after issuance of the building permit, the municipality is not entitled to injunctive relief as a matter of law on the ground that the landowners, after adoption of the ordinance and revocation of the permit, began excavation and land preparation without obtaining the zoning permit, where (1) the landowners, by substantial expenditures in reliance upon the permit, had acquired a vested right to build the structure prior to adoption of the zoning ordinance and (2) the zoning ordinance did not authorize the issuance of a permit for nonconforming use for those buildings not under actual construction prior to the adoption of the ordinance.

**8. Municipal Corporations § 30— zoning ordinance — authority of board of adjustment**

A board of adjustment may not permit construction of a type of building which is prohibited by the ordinance itself.

**9. Municipal Corporations § 30; Administrative Law § 2— landowners' attack on zoning ordinance — exhaustion of administrative remedies**

Landowners were not required to apply to municipal administrative agency for a zoning permit before they could be entitled to assert the inapplicability of the zoning ordinance to their contemplated building, where the agency was not authorized, under the circumstances of the case, to issue the permit.

**10. Municipal Corporations § 30— action to restrain noncompliance with zoning ordinance — good faith expenditures by landowner — instructions**

On issue as to whether landowners, in good faith and without notice of pending zoning ordinance prohibiting use of their property for business

purposes, made substantial expenditures in reliance upon a building permit so as to allow them to complete construction of a building prohibited by the ordinance, trial court's instructions to the jury, although not specifically stating that the jury was to consider only those expenditures made prior to the adoption of the ordinance, *held* sufficient to confine the jury to consideration of landowners' expenditures made during the pendency of the ordinance.

MOORE, J., took no part in the consideration or decision of this case.

ON certiorari to the Court of Appeals to review its decision in 4 N.C. App. 316.

The defendants are the owners of a lot at the corner of Churton and Orange Streets in the Town of Hillsborough. It was conveyed to them by deed on 22 May 1968, pursuant to their exercise of an option to purchase the property, which option was acquired 19 March 1968.

On 27 May 1968, the town enacted a zoning ordinance which is conceded to be within its police power and to have been adopted by lawful procedure. This ordinance zones for residential use only the area which includes the lot of the defendants. The ordinance also provides that no building designed or intended to be used for other than farm purposes shall be erected, and no excavation or other preparation of land shall be commenced within the town until a zoning permit has been issued by the zoning officer of the town.

On 3 May 1968, the defendants applied for and were issued, by the appropriate officer of the town, a building permit for the construction of a "dry cleaning building" upon the above lot. At that time, there was no zoning ordinance prohibiting the erection of such building thereon. It is stipulated that, on 22 May 1968 (after the issuance of the permit and before the enactment of the ordinance), the defendants acquired title to the land. Their uncontradicted evidence is that they then paid the option price of $9,400, $100 having previously been paid for the option, and that on the same day, 22 May 1968, they signed a contract with a builder for the construction of a building thereon for $15,000. On 24 May 1968, they placed an order for dry cleaning equipment. On 23 May 1968, the defendants caused stakes to be driven upon the lot showing three corners of the building they proposed to erect. No other work was done on the lot itself until 8 July 1968, by which date it is conceded that the defendants knew of the passage of the zoning ordinance and the terms of it. The defendants have not applied for or received a zoning permit from the zoning officer of the town.

Subsequent to the enactment of the ordinance, the following

things occurred: On 5 June 1968, the defendants contracted in writing for the purchase of equipment and of a franchise for the operation upon this property of a "martinizing" plant. They contracted for the purchase of certain other equipment prior to 11 June 1968. On 11 June 1968, the defendants received a written communication from the zoning officer advising that the building permit previously issued to them was revoked, and on the same day the zoning officer showed the defendants a copy of the ordinance enacted 27 May 1968. The defendants made payments totaling $8,000 upon their contract with the builders of the proposed building and a payment of $2,968.03 upon their contract for the "martinizing" franchise. On 8 July 1968, the existing dwelling house upon the lot was removed and the property was bulldozed.

On 11 July 1968, the town instituted this action, seeking to enjoin the defendants "from excavating or otherwise preparing the said lot for any non-farm use or from erecting any building * * * upon said lot without first obtaining a zoning permit therefor." The complaint alleges the passage of the ordinance, its applicability to the lot of the defendants, its prohibition of any excavation or other land preparation without the issuance of a zoning permit, the commencement by the defendants of excavation or other land preparation on their lot on 8 July 1968, that no permit has been issued therefor and that such excavation or other land preparation is in violation of the ordinance.

The defendants filed answer denying the applicability of the ordinance to their activities of which the plaintiff complains and asserting for further answer that, in reliance upon the building permit issued on 3 May 1968, the defendants expended large amounts and incurred substantial obligations in good faith for the sole purpose of using the lot in a business venture. They allege that they did not know their proposed use of the lot was forbidden by the ordinance until 11 June 1968 and that they made substantial expenditures and incurred substantial obligations, both before and after the enactment of the ordinance, in good faith, in reliance upon the building permit which had been issued and in the honest belief that the proposed building and use of their land would not violate the ordinance.

A temporary restraining order was issued and continued in force to the time of the hearing, subject to certain modifications not presently material.

At the trial in the superior court, only the following issue was submitted:

"Did the defendants in good faith and without notice of the

pending zoning ordinance prohibiting the use of their property for business purposes, incur substantial expenses in reliance upon the building permit issued to them on May 3, 1968?"

The jury answered the issue "Yes." Thereupon, judgment was entered vacating the restraining order. The town appealed to the Court of Appeals. The restraining order was continued in effect until final disposition of the appeal.

There was no conflict in the evidence with reference to the above stated facts. There was, however, sharp conflict in the evidence as to the good faith of the defendants and as to when they acquired knowledge of the ordinance. The evidence for the town was explicit to the effect that, at or before the issuance of the building permit on 3 May 1968, officers and employees of the town specifically informed the defendants that a zoning ordinance restricting the area in question to residential use was in process of adoption and a public hearing thereon was to be held 27 May 1968. The evidence for the town is that the defendants were then told that notice of the proposed ordinance had already been published in the newspaper and it would be enacted on 27 May 1968. The mayor testified that, two weeks prior to the issuance of the building permit, he informed Mr. Smith that, while there was then no zoning ordinance in effect, such an ordinance was "scheduled to be adopted on May 27." He further testified that a copy of the then proposed ordinance (the one adopted) was exhibited to Mr. Smith at that time.

The defendant's evidence on this point is equally explicit to the effect that he was not so informed by the officers and employees of the town and was not given a copy of the ordinance until 11 June 1968. He testified that when the building permit was issued to him on 3 May 1968 he did not know any zoning ordinance was pending and that he did not know his proposed building would violate the terms of any zoning ordinance until 11 June 1968. He denied that he was informed of a public hearing to be held with reference to a proposed zoning ordinance on 27 May 1968, and testified that he did not know of any proposed zoning of the property when he purchased it on 22 May 1968, or when he contracted for the construction of the building and placed his order for the dry cleaning equipment. At some time prior to 27 May 1968, he became aware that some proposed zoning ordinance was pending, but he did not think it would affect his plans for his property.

The Court of Appeals granted a new trial on the ground that there was error in the charge to the jury in that it left the jury free to consider the good faith of the defendants in making expendi-

tures after the enactment of the ordinance and up to the date the defendants received notice of the revocation of their building permit. The instruction in question was as follows, the portion in parentheses being assigned as error by the town:

"(If the defendants acted in good faith and made substantial expenditures in reliance on the permit, but without notice of the pending ordinance prohibiting the use of the property for business purposes, the defendant would be protected, that is, if the defendant made substantial expenditures in the honest belief that the proposed construction would not violate the zoning regulations, the defendant would be protected and would be entitled to complete their proposed building, as a non-conforming use,) but the defendants would not be protected and would not have the right to build a dry cleaning plant if they had knowledge of the pendency of the zoning ordinance prohibiting such use and did not act in good faith at the time of incurring their expenditures. To be protected the defendants must have acted in good faith, with honest intentions and without knowledge of circumstances sufficient to put them on inquiry as to whether or not the proposed use was prohibited."

At a later point in the charge, the court further instructed the jury on this point:

"I instruct you on that issue that if the defendants * * * have satisfied you by the greater weight of the evidence that they did, in good faith and without notice of the pending zoning ordinance prohibiting the use of that property for business purposes, incur substantial expenses in reliance upon the building permit issued to them on May 3rd, 1968, if you are so satisfied by the greater weight of the evidence, the burden of proof being on the defendants, it would then be your duty to answer the issue 'Yes.'

"Now, if the defendants have failed to so satisfy you by the greater weight of the evidence, it would then be your duty to answer that issue 'No.'"

The town sought certiorari on the ground that the Court of Appeals erred in remanding the case for a new trial. The town contends that, it being uncontradicted that the defendants commenced work on the property after the effective date of the ordinance, without applying for or receiving a zoning permit, it was entitled to an injunction as a matter of law. In its appeal to the Court of Appeals it also assigned as error other rulings by the trial court.

*Graham and Cheshire for plaintiff appellant.*

*Alonzo Brown Coleman, Jr., for defendant appellees.*

LAKE, J.

[1]    The town issued to the male defendant, who then had an option to purchase the land in question, a permit to construct thereon the building which he proposes to construct and to use for a dry cleaning business. Neither such construction nor such use was forbidden by law when the permit was issued. The issuance of the permit did not, of itself, confer upon the defendants a vested property right, of which they could not be deprived by a zoning ordinance subsequently enacted. *Warner v. W & O, Inc.*, 263 N.C. 37, 138 S.E. 2d 782. Such permit, though valid when issued, may be revoked by or pursuant to a zoning ordinance, otherwise valid and adopted prior to the taking by the holder of any action in reliance upon the permit. 8 McQuillin, Municipal Corporations, §§ 25.156, 25.158. Where, however, in bona fide reliance upon such permit, the holder constructs the building authorized thereby, his right to use it for the intended purpose, not otherwise unlawful, vests and may not be taken from him by a subsequently enacted zoning ordinance. *Warner v. W & O, Inc., supra.*

[2]    In order to acquire a vested right to carry on such nonconforming use of his land, it is not essential that the permit holder complete the construction of the building and actually commence such use of it before the revocation of the permit, whether such revocation be by the enactment of a zoning ordinance or otherwise. To acquire such vested property right it is sufficient that, prior to the revocation of the permit or enactment of the zoning ordinance and with the requisite good faith, he make a substantial beginning of construction and incur therein substantial expense. *Warner v. W & O, Inc., supra; In Re Tadlock*, 261 N.C. 120, 134 S.E. 2d 177.

[3, 4]    In this respect, we perceive no basis for distinction between the landowner who, with the requisite good faith and reliance upon the permit, expends money in activity resulting in visible, physical changes in the condition of the land and one who, with like good faith and reliance upon the permit, expends a like amount in the acquisition of construction materials or of equipment to be used in the proposed building. Likewise, we find no basis for a distinction between such a landowner and one who, in like good faith and reliance upon the permit, incurs binding contractual obligations requiring him to make such expenditures for such construction or for the acquisition of such materials or equipment. It is not the giving

of notice to the town, through a change in the appearance of the land, which creates the vested property right in the holder of the permit. The basis of his right to build and use his land, in accordance with the permit issued to him, is his change of his own position in bona fide reliance upon the permit.

While one does not acquire a vested right to build, contrary to the provisions of a subsequently enacted zoning ordinance, by the mere purchase of land in good faith with the intent of so building thereon, we find no basis for distinction in this respect between an expenditure for the acquisition of land, pursuant to a previously held option, and expenditures for the acquisition of building materials or services. One who, in good faith and in reliance upon a properly issued building permit, makes substantial expenditures for any of these purposes in reliance upon the permit falls within the reason of the rule stated in *Warner v. W & O, Inc., supra.* See 58 Am. Jur., Zoning, §§ 184, 185.

**[5]** We, therefore, hold that one who, in good faith and in reliance upon a permit lawfully issued to him, makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building for the proposed use authorized by the permit, may not be deprived of his right to continue such construction and use by the revocation of such permit, whether the revocation be by the enactment of an otherwise valid zoning ordinance or by other means, and this is true irrespective of the fact that such expenditures and actions by the holder of the permit do not result in any visible change in the condition of the land.

*Warner v. W & O, Inc., supra,* strongly intimates that had the expenditure there made for an architect's drawings been made in reliance upon the issued permit, rather than prior to its issuance and for the purpose of obtaining it, it would have been proper to consider such expenditure in determining whether the permit holder had acquired a vested right to build in accordance with the permit. In *Stowe v. Burke,* 255 N.C. 527, 122 S.E. 2d 374, this Court cited with approval *Winn v. Lamoy Realty Corp.,* 100 N.H. 280, 124 A. 2d 211, in which the incurring of "legal obligations" by the landowner in bona fide reliance upon the permit was considered sufficient to vest in him the right to complete the construction in accordance with the permit. See also: *Willis v. Town of Woodruff,* 200 S.C. 266, 20 S.E. 2d 699; *Deer Park Civic Ass'n v. Chicago,* 347 Ill. App. 346, 106 N.E. 2d 823; 58 Am. Jur., Zoning, §§ 184, 185; 13 Am. Jur. 2d, Buildings, § 10; McQuillin, Municipal Corporations, 3d Ed, § 26.219; Yokley, Municipal Corporations, § 164.

The "good faith" which is requisite under the rule of *Warner v. W & O, Inc.*, *supra*, is not present when the landowner, with knowledge that the adoption of a zoning ordinance is imminent and that, if adopted, it will forbid his proposed construction and use of the land, hastens, in a race with the town commissioners, to make expenditures or incur obligations before the town can take its contemplated action so as to avoid what would otherwise be the effect of the ordinance upon him. See *Stowe v. Burke*, *supra*.

[6]   In the present case, there is uncontradicted evidence that, after the issuance of the permit and before both the passage of the zoning ordinance and the revocation of the permit, the defendants exercised the option to purchase the land, paid the contract price and took title and also entered into contracts for the construction of the proposed building and for the purchase of equipment to be used in it. It is not contended that these contracts did not constitute obligations binding upon the defendants. The obligations so assumed are substantial in amount, as was the amount paid for the land. The jury found the defendants incurred "substantial expenses" (not specified, but obviously including the above) "in good faith and without notice of the pending zoning ordinance * * * in reliance upon the building permit." Though there was sharp conflict in the evidence as to the good faith of the defendants, the verdict of the jury is conclusive upon this question and establishes a vested right in the defendants to construct and use the proposed building, irrespective of the subsequently enacted zoning ordinance, unless there was error requiring a new trial or the town is otherwise entitled, upon the record before us, to the injunction prayed for.

[7]   The town contends that it is entitled, as a matter of law, to the injunctive relief prayed for on the ground that the defendants, after the adoption of the zoning ordinance and the revocation of the building permit, commenced excavation and land preparation for the contemplated building without obtaining a zoning permit as required by the ordinance. The Court of Appeals held there was no error by the superior court in its denial of the plaintiff's motion for such judgment. We agree.

The defendants had a properly issued building permit which, for the reasons above stated, the town could not revoke so as to deprive the defendants of their right to build the contemplated structure upon their land. By reason of the defendants' vested right to build the structure, the zoning ordinance does not apply to their proposed construction project. Therefore, the provisions of the or-

dinance, relating to the issuance of a zoning permit prior to construction, do not apply to the proposed activity of the defendants.

Furthermore, the zoning ordinance does not authorize either the Zoning Officer or the Board of Adjustment to issue a zoning permit in the present situation. Section 11.1 of the ordinance defines a "nonconforming building" as one "upon which substantial construction was begun prior to adoption of this ordinance," and which building does not conform to the requirements of the ordinance. It specifically states that no other beginnings of buildings which do not conform to the provisions of the ordinance shall have "nonconforming status" under the provisions of the ordinance. Since no actual construction of the proposed building had begun prior to its adoption, the ordinance confers upon the Zoning Officer no authority to issue a zoning permit for this building. He is required by § 12.2 to enforce the ordinance "exactly as written." The ordinance provides he has no power to interpret it and no power to grant exceptions or variances from it.

[8]     Similarly, the Board of Adjustment, though authorized to grant an exceptional use of land "permitted by the ordinance" and to grant a variance from the literal terms of the ordinance, is required by § 13.3.1 to "enforce the meaning and spirit of this ordinance as enacted." By the provisions of § 13.3.3.2, the Board of Adjustment may grant variances only as to "setback, lot area, yard and other dimensional requirements." These provisions are in accord with the decisions of this Court to the effect that a board of adjustment may not permit construction of a type of building which is prohibited by the ordinance itself since, for it to do so, would be to amend the law, which the board, not being a law-making body, cannot do. *Austin v. Brunnemer*, 266 N.C. 697, 147 S.E. 2d 182; *In Re O'Neal*, 243 N.C. 714, 92 S.E. 2d 189; *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E. 2d 128. The defendants do not contend that, by reason of exceptional hardship, the municipal authorities should exercise a discretion granted them by the ordinance. Their contention is that they have a legal right to build, which right the city cannot take from them and for which no permit is authorized by the ordinance. Having this right under the rule of *Warner v. W & O, Inc., supra,* the law does not require them to make a vain trip to the City Hall before exercising it.

[9]     *Garner v. Weston*, 263 N.C. 487, 139 S.E. 2d 642, is distinguishable from the present case in that there the trial court found, upon sufficient evidence, that the landowner had not acquired a vested right to build contrary to the provisions of the ordinance. In

such case, contrary to the present case, his only remedy was an application to the Board of Adjustment for the exercise of its administrative discretion on the basis of hardship. A landowner may not resort to the courts for relief on that basis until he has exhausted his administrative remedy under the ordinance. Similarly, in *Austin v. Brunnemer, supra,* the landowner conceded that his activities prior to the adoption of the ordinance had not been sufficient to confer upon him a vested right to build contrary to the ordinance and so he instituted the proceeding by application to the board for the granting of a variance, in its administrative discretion, on the basis of hardship. *Michael v. Guilford County,* 269 N.C. 515, 153 S.E. 2d 106, was a suit by the landowner to enjoin enforcement of a zoning ordinance by reason of hardship, brought after the board had denied an application for relief by rezoning because of a change in condition after the adoption of the zoning ordinance. The defendants did not initiate this proceeding to obtain judicial relief from an ordinance applicable to them. They have proceeded to exercise a property right to which the ordinance does not apply. They have been sued for an injunction preventing their exercise of this right. Before asserting the inapplicability of the ordinance to their contemplated building project, it is not necessary that they apply to an administrative agency for a permit which that agency is not authorized to issue. For a similar conclusion where the landowner's contention was that the ordinance was unconstitutional as applied to his property, see *County of Lake v. MacNeal,* 24 Ill. 2d 253, 181 N.E. 2d 85.

[10] The Court of Appeals ordered a new trial on the ground that there was error in the instruction to the jury quoted in the foregoing statement of facts. The Court of Appeals was of the opinion that this instruction left the jury free to consider expenditures made by the defendants after the enactment of the zoning ordinance. The Court of Appeals was correct in its view that expenditures made after the enactment of the ordinance, which took effect when enacted, could not vest in the defendants a right to build in violation of the ordinance. One does not acquire a right to violate an otherwise valid zoning ordinance, already in existence, by making expenditures or incurring obligations merely because when he made them he did not know the ordinance had been adopted. To have that effect, the expenditures must have been made "when the act was lawful." *Warner v. W & O, Inc., supra; Lansing v. Dawley,* 247 Mich. 394, 225 N.W. 500; Annot., 86 A.L.R. 659, 685; 58 Am. Jur., Zoning, § 185.

The issue submitted to the jury was: "Did the defendants, in good faith and without notice of the *pending* zoning ordinance * * * incur substantial expenses in reliance upon the building permit

* * *?" (Emphasis added.) Immediately preceding the portion of the charge to which the town excepts, the court instructed the jury that the permit issued to the defendants vested no right in them, but they must have exercised the privilege of the permit "at a time when it was lawful" in order to acquire a property right which would be protected from the zoning power of the town. It further charged that the construction need not be completed by them "before the adoption of a zoning ordinance." Reference to the portion of the charge to which the town excepts and to the remainder of the sentence discloses that the jury was instructed that the defendants would be "protected" if they made substantial expenditures in good faith, in reliance on the permit and "without notice of the *pending* ordinance." (Emphasis added.) In the same sentence the jury was told that the defendants would not "have the right to build a dry cleaning plant" if they had knowledge of the *"pendency* of the zoning ordinance." (Emphasis added.) Later in the charge, the court instructed the jury that they would answer the issue submitted to them, "Yes," if the defendants had satisfied them by the greater weight of the evidence that they did "in good faith and without notice of the *pending* zoning ordinance" incur substantial expenses in reliance upon the building permit, and otherwise they would answer the issue, "No." (Emphasis added.)

Although the court did not specifically state that the jury was to consider only those expenditures made prior to the adoption of the zoning ordinance, and though the court reviewed all of the evidence, including testimony of the male defendant, admitted without objection, as to payments made by him after the passage of the zoning ordinance, the charge appears to confine the jury to consideration of expenditures made during the pendency of the ordinance.

Assuming, however, that the jury's verdict reflected consideration by it of expenditures, both before and after the adoption of the ordinance, we see no possibility of the town's being prejudiced by this instruction. There is no conflict in the evidence with reference to the time, nature and extent of the expenditures made and obligations incurred by the defendants. The controversy is not as to these matters, but as to the good faith of the defendants, or lack of it, at the time these expenditures were made and these obligations were incurred. The town's only contention in this respect is that all expenditures were made, and all of the obligations were incurred, after the defendants knew the zoning ordinance was under consideration by the town commissioners and knew its provisions. For this reason, the town contends they could not be deemed made or incurred in good faith.

It is inescapably true that, if the later expenditures and contracts were made by the defendants in good faith and without knowledge of the zoning ordinance, the earlier ones were likewise so made. Thus, the jury's verdict inescapably establishes that the expenditures and contracts made by the defendants prior to the adoption of the ordinance were made in good faith, without knowledge of the pending zoning ordinance and in reliance upon the previously issued building permit. Obviously, these expenditures and obligations were "substantial." While the evidence as to the good faith of the defendants throughout this transaction is sharply in conflict and would have supported a verdict in accordance with the town's contention, the jury has determined that matter in favor of the defendants.

Although the defendants have not sought review of and reversal of the order of the Court of Appeals directing a new trial, in our general supervisory power over the decision of the other courts of this State (see: *Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280; *Greene v. Laboratories,* 254 N.C. 680, 694, 120 S.E. 2d 82; *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273), we find the judgment of the Court of Appeals directing a new trial erroneous and reverse it, thereby affirming the judgment of the superior court.

Reversed.

MOORE, J., took no part in the consideration or decision of this case.