FREEWOOD ASSOCIATES, LTD. v. DAVIE COUNTY ZONING BOARD OF ADJUSTMENT

No. 7522SC759

(Filed 17 March 1976)

Municipal Corporations § 30; Counties § 5— county zoning — conditional and nonconforming use permits — applications for family campground — intended use as nudist camp

Where applications for conditional use and nonconforming use permits designated the proposed use of property as "family campground," but at the hearing before the zoning board of adjustment it was established that the intended use was a nudist camp, the designated use was so inaccurate, and the variance between the designated use and the intended use so substantial, that the board of adjustment could not lawfully grant either a conditional use or nonconforming use permit for use of the property as a family campground.

APPEAL by petitioner from *Seay, Judge.* Judgment entered 8 May 1975, Superior Court, DAVIE County. Heard in the Court of Appeals 19 January 1976.

On 20 December 1972, petitioner purchased a tract of land containing 60.65 acres in rural Davie County, comprised primarily of woodland and unimproved farmland. On 1 November 1973, Davie County adopted a zoning ordinance. The tract was zoned R-A (Residential-Agricultural).

In mid November 1973, petitioner orally requested of the zoning officer that the tract be granted nonconforming status as a "mobile home park." Upon investigation the zoning officer found that a road had been cut, a power pole installed, a lake built, and a small area cleared. The request was denied.

On 19 March 1974, petitioner made application to the zoning officer for use of a Single Unit Mobile Home on the tract, and the application was approved. On 14 June 1974, the zoning officer notified petitioner that it was in violation of the zoning ordinance and ordered it to cease development for the purpose of "private campground." In June 1974, petitioner applied for a conditional use permit to operate a "private family campground." In a public hearing before the Board, an officer of petitioner admitted that the tract was intended to be used as a nudist camp. The permit was denied by the Board on 1 July 1974. On the following day, petitioner moved for permit as a nonconforming use on the ground that the tract had been used as a family campground prior to the adoption of the county zoning ordinance on 1 November 1973. The Board again denied the permit. Petitioner then sought review in the Superior Court of the Board's denial of both the conditional use and nonconforming use permits. Judge Jackson remanded the cause to the Board of Adjustment for further hearing and findings of fact.

At the hearings before the Board on 6 January and 3 February 1975, petitioner offered evidence tending to show that before the adoption of the zoning ordinance it had applied for membership in a national sun-bathing club and had advertised petitioner's club in the nudist publication; that the first membership in petitioner's nudist club was sold in July 1973 and in November 1973 there were six families owning membership; that petitioner had taken every possible precaution to avoid any publicity or to be identified as a nudist camp and had falsely denied to a local news reporter that he intended to operate a nudist camp; and that about $21,800 had been spent in development, primarily for road construction, drainage, land clearing, and building a lake.

Numerous witnesses opposed the permits and offered evidence tending to show that such camp would lower property values in the area; that the rural road and bridges leading to the tract would not stand heavy camping vehicles; and that "if the Lord had intended people to go nude . . . Noah's son [would not have] been turned into a serpent because of looking upon his father's nude body."

The Board of Adjustment found facts and concluded (1) that petitioner had not established a nonconforming use since its property had not been used as a family campground prior

Freewood Associates v. Board of Adjustment

to the adoption of the ordinance and (2) that the conditional use permit was "not in accordance with the plan of orderly development." On certiorari the superior court affirmed the Board's denial of both the conditional use and nonconforming use permits. From this judgment, petitioner appeals.

*Peebles & McConnell by Joel C. McConnell, Jr., and Stafford R. Peebles, Jr., for petitioner appellant.*

*Davie County Attorney John T. Brock; Womble, Carlyle, Sandridge & Rice by Roddey M. Ligon, Jr., for respondent appellee.*

CLARK, Judge.

If the findings of fact made by the Board of Adjustment are supported by the evidence, the findings are conclusive. But that determination by the superior court is its conclusion upon a question of law and is reviewable by the appellate courts. *In re Campsites Unlimited*, 287 N.C. 493, 215 S.E. 2d 73 (1975).

Freewood applied to the Board of Adjustment for a conditional use permit for use of their premises as a "family campground." Upon denial of the permit on 1 July 1974, Freewood applied for a nonconforming use permit as a family campground. A "conditional use permit" is distinct from a "variance" in that it is granted for a public or quasi-public purpose, such as cemeteries or recreational parks, rather than to obviate unnecessary hardship or other conditions for which a variance may be granted. 101 C.J.S., Zoning, § 274. A "nonconforming use permit" is granted for the continuance of an existing use notwithstanding the zoning ordinance does not permit similar uses in the area in which the property so used is located. 101 C.J.S., Zoning, § 180.

The continuation of a nonconforming use is permitted to avoid hardship to the landowner who incurred such expense in the development of his property, or has incurred a contractual obligation to the extent that he has acquired a vested right to carry on the existing use. In North Carolina it has been established that one of the requisites for a nonconforming use permit is that the expenses be incurred in good faith. *In re Campsites, supra; Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E. 2d 904 (1969); *Stowe v. Burke*, 255 N.C. 527, 122 S.E. 2d 374 (1961).

All the evidence for Freewood tends to show that it intended at the time it purchased the land in December 1972 to use the property for a nudist camp, and that continuously thereafter it had so intended to use it. However, the intended use was deliberately concealed from the public and was not disclosed to the Board of Adjustment until elicited by cross-examination of an officer of Freewood at a hearing before the Board on the application of Freewood for a conditional use permit to operate a *family campground*. Thereafter, in this and subsequent hearings before the Board of Adjustment, the petitioner offered evidence of the intended use of its property as a nudist camp and its expenses incurred in development of the premises for the intended use, and the Board also heard evidence opposing the use of the premises as a nudist camp.

Nevertheless, we think it important that the use of the property be stated truthfully and accurately in the application for a permit to a Board of Adjustment. Broadly, the purpose of a zoning is to limit the use of land in the interest of the public welfare. It is based on the exercise of police power, and generally may be exercised only after adequate public notice and hearing, and this notice should correctly inform the public and the Board of Adjustment of the use that the applicant proposes to make of the premises.

In the case before us, it was apparently assumed that if a permit was granted for use, conditional or nonconforming, of the premises as a family campground, then the petitioner had the right to use the premises as a nudist camp. There is a significant difference between a "family campground" and a "nudist camp" as commonly understood by the public. Those who would support or oppose the operation of a family campground may not support or oppose a nudist camp. Too, the inadequate and improper designation in the application of the proposed use of the premises does not properly raise the issues before the Board. For example, the existing use must be a lawful one to qualify as a nonconforming use, and the proposed use must be a lawful one to qualify as a conditional use. There may be no question that use as a family campground is lawful, but there may be a serious question that use as a nudist camp is unlawful and in violation of G.S. 14-190.9, commonly referred to as the indecent exposure statute. See Anno., 94 A.L.R. 2d 1353, 1379. But this issue was not raised in this case, possibly because the proposed use was inaccurately designated in the application as "family campground" rather than "nudist camp."

We conclude that since the applications for conditional use and nonconforming use permits designated the proposed use of the premises as "family campground" but at the hearing it was established that the proposed use was a "nudist camp," the designated use was so inaccurate, and the variance in the designated use and the intended use so substantial, that the Board of Adjustment could not lawfully grant either a conditional use or nonconforming use permit for use of the premises as a family campground.

The judgment denying the conditional and nonconforming use permits is

Affirmed.

Judges VAUGHN and MARTIN concur.