FRANK B. GODFREY, JOE N. SUTTON, O. FRED HOWEY AND BILLIPS HOOD v. THE ZONING BOARD OF ADJUSTMENT OF UNION COUNTY, NORTH CAROLINA

No. 8420SC275

(Filed 5 March 1985)

**Municipal Corporations § 30.15— zoning ordinance—building pursuant to amendment later held invalid—nonconforming use**

A landowner who constructed a grain storage facility valued at $400,000 on his property in good faith reliance upon a zoning ordinance amendment which was subsequently invalidated by the Court of Appeals as being spot zoning acquired a vested right to continue using the facility as a nonconforming use.

APPEAL by petitioners from *Walker, Hal H., Judge.* Judgment entered 16 November 1983 in Superior Court, UNION County. Heard in the Court of Appeals 16 November 1984.

Petitioners appeal from a judgment of the Superior Court upholding an order of the Zoning Board of Adjustment of Union County which allowed the continuation of use of a structure as a nonconforming use.

*Joe P. McCollum, Jr., for petitioner appellants.*

*Love & Milliken, by John R. Milliken, for respondent appellee.*

JOHNSON, Judge.

The issue on this appeal is whether a structure constructed after the effective date of a zoning ordinance amendment which

was subsequently invalidated by this Court should be allowed to remain or continue as a nonconforming use. Under the facts of this case, we hold it should.

On 23 November 1980, the Union County Board of Commissioners, upon the petition of Dennis Rape, the owner at that time of the tract which is the subject of this appeal, amended its zoning ordinance to rezone the tract from R-20 to H-I, heavy industrial. Pursuant to this rezoning, Rape obtained a building permit and constructed a grain storage and transfer facility valued at approximately $400,000. In December 1980, petitioners filed a petition in Union County Superior Court seeking to have the rezoning declared null and void. This Court eventually affirmed the judgment of the Union County Superior Court which invalidated the zoning ordinance amendment as being spot zoning. *See Godfrey v. Union County Board of Commissioners*, 61 N.C. App. 100, 300 S.E. 2d 273 (1983). The grain storage facility had been in operation for almost two years at the time this Court's opinion was filed, 1 March 1983.

Gro-More of Monroe, Inc. ("Gro-More"), the current owner of the property, through Dennis Rape, its president, subsequently on 6 June 1983, filed with the Zoning Board of Adjustment of Union County a petition seeking to continue its business as a nonconforming use pursuant to the Union County Zoning Ordinance. The Board of Adjustment concluded that the structure qualified as a nonconforming situation within the meaning of the Union County Zoning Ordinance and allowed Gro-More to continue its use of the facility. Petitioners then filed a petition for writ of certiorari with the Union County Superior Court seeking review of the Board of Adjustment's decision. The Superior Court reviewed the record and the arguments of the parties and found no error in the Board's decision or proceedings.

The Board of Adjustment allowed the structure to remain in use pursuant to sec. 70.2 of the Union County Zoning Ordinance, which provides: "Nonconforming situations that were otherwise lawful on the effective date of this ordinance may be continued." A nonconforming situation is defined in sec. 70.1(1) of the ordinance as:

A situation that occurs when, on the effective date of this ordinance or any amendment to it, an existing lot or structure

or use of an existing lot or structure does not conform to one or more of the regulations applicable to the district in which the lot or structure is located.

Petitioners argue that since the grain storage facility was not in existence at the time of the effective date of the ordinance, which became effective 2 June 1975, it could not be a nonconforming situation within the meaning of sec. 70.1(1) of the ordinance. They therefore contend that the Board erred in allowing the situation to continue as a nonconforming situation.

Although petitioners' argument is technically correct, we hold under the facts of this case that the Board properly allowed a continuance of the facility as a nonconforming situation. In the usual case involving a nonconforming use, the nonconforming situation arises because of the subsequent enactment of an ordinance. In the present case, however, the situation was made nonconforming by the subsequent judicial invalidation of an ordinance amendment pursuant to which the landowner completed construction of a large structure.

Nonconforming situations are often allowed to continue because the landowner has acquired a vested right to continue the use of his property commenced prior to the effective date of an ordinance which makes such use nonconforming. *See* 1 R. Anderson, American Law of Zoning, sec. 6.06 (1976); 8A E. McQuillin, The Law of Municipal Corporations, sec. 25.181 (3d ed. 1976). The nonconforming situation usually presented in the North Carolina case reporters is one in which a landowner has commenced construction pursuant to a building permit which is subsequently revoked by the enactment of an ordinance. *See In re Campsites Unlimited*, 287 N.C. 493, 215 S.E. 2d 73 (1975). In such instances, the permit holder acquires a vested right to continue his use of the property as a nonconforming use if, in bona fide reliance upon the permit, he commences construction and incurs substantial expense in the process. *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E. 2d 904 (1969). The permit holder acquires such a right whether the revocation of the permit "be by the enactment of a zoning ordinance *or otherwise.*" *Id.* at 54, 170 S.E. 2d at 909 (emphasis added).

In the case *sub judice*, the landowner, unlike the landowner in *Atkins v. Zoning Board of Adjustment of Union County*, 53

N.C. App. 723, 281 S.E. 2d 756 (1981), obtained an amendment to the zoning ordinance and thereafter secured a building permit. In good faith reliance upon the zoning amendment and the building permit, he incurred great expense in constructing a large facility valued at $400,000. By virtue of *Town of Hillsborough v. Smith, supra,* and its progeny, the landowner acquired a vested right to continue using the facility. As Justice Rodman wrote in *Warner v. W & O, Inc.,* 263 N.C. 37, 43, 138 S.E. 2d 782, 786-87 (1964): "The law accords protection to nonconforming users who, relying on the authorization given them, have made substantial expenditures in an honest belief that the project would not violate declared public policy."

The petitioners could have protected their interests in the present case by obtaining an injunction at the time they filed the petition for writ of certiorari. At the same time, the landowner's interest could have been protected by means of a bond.

Affirmed.

Judges WHICHARD and PHILLIPS concur.