LEE KOONTZ AND KELLY HEDRICK, PETITIONERS V. DAVIDSON COUNTY BOARD OF ADJUSTMENT, RESPONDENT

No. COA97-839

(Filed 4 August 1998)

## Zoning— grandfathered development—good faith

The trial court erred by affirming a Board of Adjustment decision that developers had obtained a vested right to develop a mobile home park where the record reveals that the developers were aware of petitioners' efforts to change the zoning ordinance prior to the issuance of their building permits; the only expense incurred by the developers prior to such knowledge was the earnest money under the contract to purchase and possibly the preliminary site sketch; the developers were aware that the county commissioners were seriously considering the petition

KOONTZ v. DAVIDSON COUNTY BD. OF ADJUST.

[130 N.C. App. 479 (1998)]

because the rezoning proposal was set for a hearing; they actively sought and heeded advice on how to avoid or prevent the ordinance from halting their proposed development and unilaterally proceeded with their development activities; and they did not exercise good faith reliance on a valid permit as a matter of law and thus do not have a vested right to avoid the enacted zoning changes.

Appeal by petitioners from order entered 29 April 1997 by Judge Julius A. Rousseau, Jr., in Davidson County Superior Court. Heard in the Court of Appeals 19 February 1998.

*Wyatt Early Harris & Wheeler, L.L.P., by Thomas E. Terrell, Jr., for petitioner-appellants.*

*Davidson County Attorney Garry W. Frank for respondent-appellee.*

MARTIN, Mark D., Judge.

Petitioners appeal from order of the trial court affirming the decision of the Davidson County Board of Adjustment that Richard Canady and Bobby Hanes (developers) had acquired a vested right to place mobile homes on property not zoned for such use.

Sometime prior to 6 September 1995, developers began negotiations to purchase a 6.78 acre tract of land located in Davidson County for the purpose of developing a mobile home community. On 27 September 1995, developers entered into a contract to purchase the tract for $64,000, and deposited $1000 as earnest money. Developers produced a preliminary site sketch for their proposed development. On 11 October 1995 petitioners filed an application to amend the Davidson County Zoning Ordinance to exclude mobile homes from an area of the county that included developers' tract. On 23 October 1995 the Davidson County Board of Commissioners called for a 4 December 1995 public hearing on the petition for rezoning and referred the matter to the Davidson County Planning Department. On 31 October 1995 the subdivision plan was approved by a zoning officer and found to comply with the Davidson County Subdivision Regulations. The subdivision plat was recorded on 1 November 1995. On 7 November 1995, the Davidson County Planning Department heard the petition for the proposed zoning amendment. It recommended rezoning the property in question, but excluded developers' tract from its recommendation. Developers began grading the prop-

erty on 13 November 1995. On 14 November 1995, they applied for zoning compliance permits in order to obtain the requisite building permits, which were subsequently granted. Notwithstanding the pending rezoning application, developers placed a street in the subdivision, obtained concrete and had landscaping performed. On 4 December 1995, the Davidson County Board of Commissioners voted in favor of rezoning the entire area, including developers' property. Developers began to place mobile homes on the property approximately 10 days later.

The Davidson County Zoning Administrator issued a ruling that mobile homes had become a legal non-conforming use on the property or, alternatively, that the developers had acquired vested rights to place the mobile homes on the property. Petitioners appealed to the Davidson County Board of Adjustment, which after a public hearing, voted to affirm the zoning administrator's decision and deny the appeal. The board member who made the motion to deny petitioners' appeal indicated that he felt developers' "interest was vested the day they placed their earnest money down because, from that point on, they were obligated to buy that land." Petitioners appealed from the 17 April 1996 order, and on 29 April 1997, the trial court affirmed the Board of Adjustment's decision. Petitioners appeal.

On appeal, petitioners contend the Board of Adjustment's decision that the developers had obtained a vested right to develop the mobile home park was erroneous as a matter of law. Specifically, they argue that since the developers were aware of the petition for rezoning prior to obtaining their permits, and attempted to grandfather their project before the rezoning could occur, developers could not be held to have acted in good faith reliance on a valid permit as required by law.

> A party's common law right to develop and/or construct vests when: (1) the party has made, prior to the amendment of a zoning ordinance, expenditures or incurred contractual obligations substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building; (2) the obligations and/or expenditures are incurred in good faith; (3) the obligations and/or expenditures were made in reasonable reliance on and after the issuance of a valid building permit, if such permit is required, authorizing the use requested by the party; and (4) the amended ordinance is a detriment to the party.

*Browning-Ferris Industries v. Guilford County Bd. of Adj.*, 126 N.C.
App. 168, 171-172, 484 S.E.2d 411, 414 (1997) (citations omitted).

In *Browning-Ferris*, this Court held that a developer that
incurred expenses in the amount of $582,000, including a $520,000
land purchase, did not have a vested right to develop a solid waste
transfer station without conforming to a subsequently amended
county ordinance. *Browning-Ferris*, 126 N.C. App. at 172, 484 S.E.2d
at 414-415. In so ruling, we "reject[ed] the arguments of [developer]
that substantial expenditures in reliance on the pre-amended
Ordinance, . . . or the conditional approval of the site development
plan [gave] rise to a vested right to construct and operate a transfer
station." *Id.* at 172, 484 S.E.2d at 415. Since developer had not
obtained the proper building permits, it acquired no vested rights
to continue the project without conforming to the amended ordi-
nance. *Id.* Our Supreme Court earlier iterated this point when it
stated that "one does not acquire a vested right to build, contrary to
the provisions of a subsequently enacted zoning ordinance, by the
mere purchase of land in good faith with the intent of so building
thereon . . . ." *Town of Hillsborough v. Smith*, 276 N.C. 48, 55, 170
S.E.2d 904, 909 (1969).

As previously mentioned, our cases require *good faith reliance*
on the permit, because issuance does "not, of itself, confer upon the
[developers] a vested property right, of which they could not be
deprived by a zoning ordinance subsequently enacted." *Id.* at 54, 170
S.E.2d at 908-909. Rather, our Supreme Court has stated

> "[w]hen, at the time a builder obtains a permit, he has knowl-
> edge of a pending ordinance which would make the authorized
> construction a non-conforming use and thereafter hurriedly
> makes expenditures in an attempt to acquire a vested right before
> the law can be changed, he does not act in good faith and
> acquires no rights under the permit."

*In re Campsites Unlimited*, 287 N.C. 493, 502-503, 215 S.E.2d 73, 79
(1975) (quoting *Keiger v. Board of Adjustment*, 281 N.C. 715, 719, 190
S.E.2d 175, 178 (1972)).

Our review of the record in the instant case reveals that develop-
ers were aware of petitioners' efforts to change the zoning ordinance
prior to the issuance of their permits. In fact, they were aware of such
opposition almost from the outset of the project. Developers
obtained their permits and began grading and site development

approximately a month after learning of the petition. The only expense incurred by developers prior to such knowledge was the earnest money under the contract to purchase and possibly the preliminary site sketch. According to the County Planner, after developers learned of the petitioners' application for rezoning, "they asked what would protect them or what they had to do to get grandfathered . . . ."

Because the rezoning proposal was set for hearing, developers were aware the County Commissioners were seriously considering the petition. Despite this knowledge, developers actively sought and heeded advice on how to avoid or prevent the ordinance from halting their proposed development and unilaterally proceeded with their development activities. Therefore, developers did not exercise good faith reliance on a valid permit, as a matter of law, and thus they do not have a vested right to avoid the enacted zoning changes.

Accordingly, the order of the trial court affirming the Davidson County Board of Adjustment is reversed and this case is remanded to the trial court for entry of an order requiring developers to comply with the Davidson County Zoning Ordinance as amended.

Because we reverse the trial court's order, we do not address petitioners' remaining assignments of error.

Reversed and remanded.

Judges LEWIS and MARTIN, John C., concur.