HENRY KASS, R. E. WILKINS, COLVERT STEPHENS, T. M. CRAWFORD, DR. GATES McKAUGHAN, L. J. HUNTLEY, E. A. ALLEN, JR., ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED WHO MAY COME IN AND MAKE THEMSELVES PARTIES HERETO AND CONTRIBUTE TO THE EXPENSE THEREOF, v. ROMULUS A. HEDGPETH.

(Filed 22 May, 1946.)

**1. Municipal Corporations § 37—**

Neither a zoning ordinance nor an amendment thereto which is not adopted in accordance with the enabling provisions of statute, G. S., 160-175 and 160-176, is valid and effective as a zoning regulation.

**2. Nuisances § 1—**

    A tobacco warehouse may not be held to be a nuisance in the absence of a finding that its operation would injuriously affect the health, safety, morals, good order or general welfare of the community, or infringe upon the property rights of individual complainants.

**3. Municipal Corporations § 36—**

    Municipalities have no inherent police powers and can exercise only those conferred by statute strictly construed.

**4. Municipal Corporations § 37—**

    This action was instituted by property owners against a tobacco warehouseman to restrain him from constructing an addition to his warehouse. The municipality had issued a building permit for the addition. The lower court found that defendant's warehouse does not constitute a nuisance, and that the amendment to a zoning ordinance prohibiting such structure was invalid as a zoning regulation, and plaintiffs did not show that power was conferred upon the city by general statute (G. S., 160-200) or by its charter to prohibit such structure. *Held:* Upon the record, there was error in continuing the restraining order to the hearing.

APPEAL by defendant from *Williams, J.,* at February Term, 1946, of ROBESON. Error.

This was an action to restrain the defendant from constructing an addition to his tobacco warehouse in the City of Lumberton.

It was alleged that the construction of buildings for business purposes within the area in which defendant intends to erect an addition to his warehouse was prohibited by city ordinance; and that the operation, at that place, of a warehouse for the auction sale of leaf tobacco would attract undesirable persons and practices and injuriously affect the comfort, welfare and property rights of the plaintiffs, residents and property owners in the vicinity. Temporary restraining order was issued on the facts alleged in the complaint.

The defendant denied that any valid ordinance prohibited his proposed construction, or that the addition of 100 feet to the warehouse which he had operated there for several years would constitute a nuisance or injuriously affect any property or other rights of plaintiffs. It was further alleged that the city had expressly authorized issuance of building permit for the construction of the proposed addition to his warehouse. The city was not a party to the action.

The judge, who heard the matter below upon the pleadings, affidavits and minutes of the City Board found that the ordinance and amendment thereto referred to in the pleadings did not constitute a valid exercise of the powers conferred upon cities and towns by G. S., 160-172, for establishing zoning regulations; and that the defendant's warehouse as now located was not and had not been conducted so as to constitute a nuisance.

However, it was held that the City Commissioners were without lawful authority to cause the issuance of a building permit for the proposed construction, and it was adjudged and decreed that the restraining order restraining defendant from making the proposed addition to his warehouse be continued to the hearing.

Defendant excepted and appealed.

*Frank D. Hackett and McKinnon & Seawell for plaintiffs, appellees.*

*Varser, McIntyre & Henry for defendant, appellant.*

DEVIN, J. The findings of fact made by the judge below were in accord with the evidence presented and we are not disposed to disturb them, but we do not reach the conclusion therefrom that the restraining order should have been continued to the hearing.

It was properly found that neither the original zoning ordinance, which did not include defendant's land within the area prohibited for business structures, nor the amendment thereto which purported to do so, was adopted in accordance with the enabling provisions of G. S., 160-175 and 160-176, and that these ordinances were therefore invalid and ineffective as zoning regulations. *Eldridge v. Mangum,* 216 N. C., 532, 5 S. E. (2d), 721; *Lee v. Board of Adjustment, ante,* 107.

It also appeared that subsequent to the adoption of the amendment the Board of Commissioners had authorized the issuance of a building permit for the construction in question, and had thereafter reaffirmed its action by unanimous vote of the board.

It was also found that defendant's warehouse at this place was not being, and had not been, conducted so as to create a nuisance; nor was the evidence sufficient to have justified a finding that it would likely become so. Tobacco warehouses under the present auction system are essential to the orderly marketing of one of the State's most valuable and important agricultural products, and the structures where the growers and the buyers of these products are brought together at the invitation and under the supervision of the warehousemen, may not be held to be nuisances, in the absence of finding that their operation would injuriously affect the health, safety, morals, good order or general welfare of the community, or infringe upon the property rights of individual complainants.

Since there was no valid ordinance prohibiting the erection of this addition to defendant's warehouse, but on the contrary an affirmative authorization by the Board of a building permit therefor, we perceive no sufficient reason for denying the defendant's right to proceed with his undertaking.

The case of *Shuford v. Waynesville*, 214 N. C., 135, 198 S. E., 585, is cited as authority for the position that notwithstanding the failure of the ordinance and amendment to comply with the zoning statutes, they should be upheld as having been adopted in the valid exercise of the police power conferred by the General Assembly upon municipalities. G. S., 160-200. But that case involved the power of the Town of Waynesville to prohibit the erection of a gasoline filling station in a restricted area, and it was held that, while it was within the police power conferred by statute to regulate gasoline stations, the ordinance must operate uniformly and not be unreasonable or arbitrary. See cases cited by *Justice Barnhill* in the opinion in that case. But it must be borne in mind that municipal corporations have no inherent police powers and can exercise only those conferred by statute. *S. v. Dannenberg,* 150 N. C., 799, 63 S. E., 946. Such powers as are conferred are subject to strict construction. *Rhodes, Inc., v. Raleigh,* 217 N. C., 627, 9 S. E. (2d), 389.

Here, on the facts shown, it does not appear that either by the general statutes or by its charter was power conferred upon the City of Lumberton to prohibit the erection of the addition to defendant's warehouse in its present location, in the absence of zoning regulations ordained in conformity with the statutes. *Lee v. Board of Adjustment, supra.*

On the record before us we conclude that there was error in continuing the restraining order to the hearing.

Error.