CHARLES F. KEIGER AND MAMILEE ENTERPRISES, INC. v. THE WINSTON-SALEM BOARD OF ADJUSTMENT; J. A. HANCOCK, ROY SETZER, C. C. SMITHDEAL, JR., JOHN MANNING, WILLIAM F. THOMAS, SAM OGBURN AND MRS. MARTHA CATES, AND THE WINSTON-SALEM-FORSYTH COUNTY PLANNING BOARD; F. GAITHER JENKINS, ZEB B. STEWART, A. L. EVANS, HAMPTON D. HAITH, CLIFTON E. PLEASANTS, H. C. PORTER, J. C. SMITH, M. C. BENTON, JR., DAVID W. DARR

No. 40

(Filed 31 July 1972)

1. **Municipal Corporations § 30— building permit — subsequent ordinance — good faith expenditures**

   The issuance of a building permit, to which the permittee is entitled under the existing zoning ordinance, creates no vested right to build contrary to the provisions of a subsequently enacted ordinance unless the permittee, acting in good faith, has made substantial expenditures in reliance upon the permit at a time when they did not violate declared public policy.

2. **Municipal Corporations § 30— building permit — knowledge of pending ordinance — nonconforming use — expenditures**

   When, at the time a builder obtains a permit, he has knowledge of a pending ordinance which would make the authorized construction a nonconforming use and thereafter hurriedly makes expenditures in an attempt to acquire a vested right before the law can be changed, he does not act in good faith and acquires no rights under the permit.

3. **Municipal Corporations § 30— rezoning ordinance — notice**

   A rezoning ordinance adopted by a municipal governing body without compliance with the notice provisions of G.S. 160-175 and the municipal code is invalid and ineffective.

4. **Municipal Corporations § 30— special use permit — void rezoning ordinance**

   An applicant's right to a special use permit for construction of a mobile home park, denied under an existing valid zoning ordinance which entitled him to it, may not be defeated by a purported amendment of the zoning ordinance which was void *ab initio* because it was not adopted as required by the enabling statute.

APPEAL by respondents from *Kivett, J.*, 26 July 1972 Civil Session of FORSYTH, transferred to this Court for initial appellate review under G.S. 7A-31 (a).

This proceeding, which is now before us for the second time, involves petitioners' application to the Winston-Salem Board of Adjustment (Board) for a special use permit to construct a mobile home park. The following facts are pertinent to this appeal:

On 20 August 1969 Charles F. Keiger and Mamilee Enterprises, Inc. (petitioners), applied to the Board for a special use permit to build a 102-unit mobile home park upon a 14.5-acre site, a part of a larger tract of about 50 acres zoned B-3 (Highway Business). In such a district mobile home parks are allowed upon a special use permit issued by the Board. Petitioners' plans met every ordinance standard and site requirement for a mobile home park. Notwithstanding, on 4 September 1969, after a duly advertised public hearing, the Board denied the permit.

Thereafter petitioners duly applied to the Superior Court for a writ of certiorari to review the Board's action. The petition was granted and, on 28 October 1969, the record and transcript of proceedings before the Board were filed in the Superior Court.

Prior to review by the Superior Court, on 14 January 1970, respondents filed a "motion to dismiss," in which they asserted that petitioners' application for a special use permit had been rendered moot on 3 November 1969 when the Winston-Salem Board of Aldermen enacted an ordinance rezoning a portion of their property from B-3 to R-4 (single-family residences), a category in which mobile home parks are not allowed. Attached to the motion was a copy of a purported ordinance describing two tracts of land by metes and bounds.

Judge Exum denied the motion to dismiss and—without regard to the alleged ordinance—entered judgment affirming the Board's denial of the permit.

Petitioners appealed and the Court of Appeals affirmed the judgment of the Superior Court. *Keiger v. Board of Adjustment,* 8 N.C. App. 435, 174 S.E. 2d 852 (1970). Upon petitioners' appeal to this Court that decision was reversed. In an opinion written by Chief Justice Bobbitt this Court held that the Board's denial of petitioners' application was unlawful and in violation of petitioners' constitutional rights. Because the record contained no stipulation, finding or evidence with reference to the adoption of the purported ordinance attached to respondents' motion to dismiss, and no stipulation that any of petitioners' property was included in the land described therein, the proceeding was ordered remanded to the Superior Court with instructions that, after considering the effect, if any, of the rezoning ordinance allegedly enacted after the Board's denial

of the permit, it enter judgment consistent with the law as stated in the opinion. Specifically the mandate was: "Upon further consideration in the Superior Court, all parties should be afforded an opportunity to develop all pertinent facts with reference to the adoption of the alleged rezoning ordinance on November 3, 1969, and its effect, if any, upon petitioners' asserted right to construct a mobile home park on the 14.5-acre site. Unless precluded by such rezoning ordinance, petitioners are entitled to have issued the special permit for which they have applied." *Keiger v. Board of Adjustment,* 278 N.C. 17, 25, 178 S.E. 2d 616, 621 (1971).

After the case was returned to the Superior Court the parties stipulated the following facts (enumeration ours):

1. On 26 September 1969 the developers of the Country Club Loggia, Inc., and others petitioned the Board of Aldermen to rezone a portion of petitioners' 14.53 acres from B-3 to R-4. As required by Winston-Salem Code Section 29-20, the petition was referred to the City-County Planning Board for its review and recommendation.

2. Thereafter (time not specified) the Superior Court denied petitioners' application for an injunction "to stay the proposed rezoning" until its right to the special use permit had been judicially determined.

3. After due advertisement, as required by Section 29-20(A) (6) of the Winston-Salem Code, on 16 October 1969, the Planning Board conducted a public hearing on the proposal to rezone petitioners' property. The minutes of the hearing, attached to the stipulation, disclose that adjacent landowners in R-4 zones sought to insulate their property from a mobile home park by a strip of land zoned R-4 along petitioners' eastern and northern boundary lines. Petitioners and their attorney were present and were heard in opposition to the change. Petitioners stated that the proposed buffer zone was approximately 270 feet wide across the north side of the property and 300 feet along the east side.

4. On Friday, 31 October 1969, the Planning Board filed its report with a recommendation that the Board of Aldermen approve the requested rezoning. Winston-Salem Code § 29-20(A) (7) required the Planning Board, at the time of filing its report, to mail or deliver a copy to the persons requesting

•

the zoning change *"and also to the opponent, if any."* Any person desiring to be heard in opposition to the report was required to notify the city manager within ten days after a copy of the report was mailed, or delivered, to him.

5. Petitioners, who were entitled to the report, contend that the Planning Board neither mailed nor delivered them a copy. "The records of the Planning Board do not indicate whether or not such a report was mailed."

6. On Monday, 3 November 1969, three days following the submission of the Planning Board's report, the Board of Aldermen passed an ordinance purporting to rezone petitioners' land as recommended. No notice that action would be taken on the report, or of any hearing before the Board of Aldermen, had been published. Petitioners, however, appeared and were given an opportunity to oppose the rezoning. Three days thereafter, on 6 November 1969, a copy of the report of the Planning Board was mailed to petitioners' attorney. (Petitioners' attorney, in an affidavit which is a part of the record, avers that this was the only copy of the report ever made available to him or his clients; that at the hearing before the aldermen on 3 November 1969 he was unaware of the contents of the report; that without it he was unable to make adequate preparation for the hearing; and that his clients were prejudiced in consequence.)

On 7 September 1971 this proceeding came on to be heard before Judge Kivett upon the mandate of this Court quoted above. After considering "stipulated facts, oral arguments of counsel, and briefs filed by both the petitioners and the respondents," Judge Kivett adjudged "that the action of the Board of Aldermen on 3 November 1969 in which property of the petitioners is allegedly rezoned" has no legal effect upon petitioners' right to the special use permit requested because the rezoning occurred, and "the rezoning machinery instituted," after the unlawful denial of the permit. Whereupon he remanded the proceeding to the Board with orders that it issue the permit.

*R. Kason Keiger for petitioner appellees.*

*Roddey M. Ligon, Jr., and Zeb E. Barnhardt, Jr., for respondent appellants.*

SHARP, Justice.

The trial judge concluded that a rezoning ordinance, instigated after petitioners' application for a permit to construct

a mobile home park on their 14.5-acre site, could have no effect whatever upon their right to the permit. Therefore, he did not adjudicate the validity or invalidity of the ordinance purporting to change the classification of petitioners' property.

[1, 2]  It is the rule in this State that *the issuance* of a building permit, to which the permittee is entitled under the existing ordinance, creates no vested right to build contrary to the provisions of a subsequently enacted zoning ordinance, unless the permittee, acting in good faith, has made substantial expenditures in reliance upon the permit at a time when they did not violate declared public policy. *Warner v. W & O, Inc.,* 263 N.C. 37, 138 S.E. 2d 782 (1964). *See In Re Appeal of Supply Co.,* 202 N.C. 496, 163 S.E. 462 (1932). See 101 C.J.S. *Zoning* § 243 (1958) ; 58 Am. Jur. *Zoning* § 185 (1948). When, at the time a builder obtains a permit, he has knowledge of a pending ordinance which would make the authorized construction a nonconforming use and thereafter hurriedly makes expenditures in an attempt to acquire a vested right before the law can be changed, he does not act in good faith and acquires no rights under the permit. *Town of Hillsborough v. Smith,* 276 N.C. 48, 170 S.E. 2d 904 (1969) ; *Stowe v. Burke,* 255 N.C. 527, 122 S.E. 2d 374 (1961).

The foregoing rule determines the effect of a rezoning ordinance upon a permit *previously issued* in conformity with the applicable law. This case, however, involves the right to a permit which was never issued, a permit which was unlawfully refused at a time when no zoning change affecting the property was impending. Thereafter—within the time the law allowed petitioners to apply to the court for a review of the Board's refusal—owners of land adjacent to petitioners' 14.5 acres filed a request for the rezoning of a substantial part of the property. While petitioners awaited judicial review by the Superior Court of the Board's refusal to issue the permit they could not, of course, make "substantial expenditures" or otherwise change their position in reliance upon a permit they did not have. In the meantime, the Planning Board reviewed the proposed amendment to the zoning ordinance and recommended its passage. Three days after that report and recommendation was filed, on 3 November 1969, the Board of Aldermen purported to adopt the requested amendment in a manner which ignored the law applicable to changes in the zoning ordinance.

G.S. 160-176 (1964) provides that a zoning ordinance may, from time to time, be "amended, supplemented, changed, modified or repealed" upon compliance with the requirements of G.S. 160-175 (1964) "relative to public hearings and official notice." G.S. 160-175 provides that no zoning regulation, restriction or boundary—or change therein—shall become effective until after a public hearing of which notice "shall be given once a week for two successive calendar weeks in a newspaper published in such municipality, or, if there be no newspaper published in the municipality, by posting such notice at four public places in the municipality, said notice to be published the first time or posted not less than fifteen days prior to the date fixed for said hearing."

Winston-Salem Code, Section 29-20 AMENDMENTS provides: "In no case shall final action by the Board of Aldermen be taken amending, changing, supplementing, modifying, or repealing the regulations established by this ordinance or changing the district boundaries hereby established until a public hearing has been held by the Board of Aldermen at which parties in interest and citizens shall have an opportunity to be heard. A notice of such public hearing shall be given once a week for two successive calendar weeks in a newspaper published in Winston-Salem, the first publication of said notice being not less than ten (10) days prior to the date fixed for the hearing."

[3] Since the ordinance of 3 November 1969 was passed within three days after the Planning Board filed its recommendation with the Board of Aldermen, that board obviously made no pretense of complying with the notice provisions of G.S. 160-175 or its own Code Section 29-20.

A municipality's authority to enact and amend zoning ordinances "is subject to the limitations imposed by the enabling statute and by the Constitution. These limitations forbid arbitrary and unduly discriminating interference with property rights in the exercise of such power. . . . Thus, a zoning ordinance or an amendment thereto which is not adopted in accordance with the enabling statute is invalid and ineffective." *Heaton v. City of Charlotte,* 277 N.C. 506, 513, 178 S.E. 2d 352, 356 (1970). *Accord, Walker v. Elkin,* 254 N.C. 85, 118 S.E. 2d 1 (1960); *Kass v. Hedgpeth,* 226 N.C. 405, 38 S.E. 2d 164 (1946).

The stipulated facts clearly prove the invalidity and ineffectiveness of the ordinance of 3 November 1969.

Where a permit has been illegally withheld from an applicant entitled to it under the existing zoning law, the effect of a subsequently enacted restrictive amendment upon the applicant's right to the permit varies from state to state. The decisions are conflicting; the situations and solutions are many and varied. See 101 C.J.S. *Zoning* § 221 (1958) and (Supp. 1972); 58 Am. Jur. *Zoning* § 182 (1948) and (Supp. 1972); 3 Anderson, Am. Law of Zoning § 21.22 (1968); 8 McQuillin, *Mun. Corp.* § 25.155 (3d Ed. 1965); Annot., 75 A.L.R. 2d 168, 236 (1961); Annot., 169 A.L.R. 584 (1947); Annot., 138 A.L.R. 500, 505 (1942); Annot., 40 A.L.R. 928, 934 (1926). For an opinion collecting authorities and discussing the effect of a rezoning ordinance, instigated and passed after the unlawful denial of a permit, upon applicant's rights see *Ben Lomond, Inc. v. City of Idaho Falls,* 92 Idaho 595, 448 P. 2d 209 (1968).

[4]   In this case we do not reach the question of what effect a validly enacted rezoning ordinance would have had on petitioners' right to construct the mobile home park. For decision here it suffices to say that an applicant's right to a permit, denied under an existing valid ordinance which entitled him to it, may not be defeated by a purported amendment which was void *ab initio* because it was not adopted as required by the enabling statute. We hold that petitioners are entitled to the permit for which they applied. Accordingly, the judgment of the Superior Court is

Affirmed.