DOUGLAS M. ROBINS v. TOWN OF HILLSBOROUGH

No. 154A06

(Filed 26 January 2007)

## 1. Zoning— site specific development plan—applicable ordinance

Plaintiff had a right to have defendant town's board of adjustment consider and render a decision on his application for approval of a site specific development plan for an asphalt plant under the zoning ordinance in effect at the time the application was made where, after the board of adjustment had held hearings on plaintiff's application, the town's board of commissioners adopted a moratorium on consideration of applications for the construction of manufacturing and processing facilities involving petroleum products, including asphalt plants, and the board of commissioners thereafter amended the zoning ordinance to prohibit manufacturing and processing facilities involving the use of petroleum products within the town's zoning jurisdiction.

## 2. Zoning— amended ordinance—constitutionality

The portion of the Court of Appeals' opinion concerning the constitutionality of the amended zoning ordinance is vacated because the Court of Appeals unnecessarily addressed the issue.

Justice HUDSON did not participate in the consideration or decision of this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 176 N.C. App. 1, 625 S.E.2d 813 (2006), reversing and remanding an order granting summary judgment entered 29 October 2004 by Judge James C. Spencer, Jr. in Superior Court, Orange County. Heard in the Supreme Court 16 October 2006.

**ROBINS v. TOWN OF HILLSBOROUGH**

[361 N.C. 193 (2007)]

*Smith, James, Rowlett & Cohen, LLP, by Seth R. Cohen, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for defendant-appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Craig D. Justus, and Richard A. Zechini, Counsel for North Carolina Association of Realtors, for the North Carolina Home Builders Association, North Carolina Association of Realtors, and North Carolina Outdoor Advertising Association, amici curiae.*

BRADY, Justice.

In this case we determine whether plaintiff, who applied to defendant for approval of his site specific development plan, has a right to have his application reviewed under the zoning ordinance in effect at that time. We conclude that he does and therefore modify and affirm in part, and vacate in part, the opinion of the Court of Appeals. We also remand this case for entry of judgment in plaintiff's favor.

## FACTUAL BACKGROUND

Prior to 21 January 2003, plaintiff Douglas M. Robins contracted to purchase a parcel of land zoned general industrial and containing approximately 4.96 acres within defendant Town of Hillsborough's extraterritorial zoning jurisdiction.[1] On 21 January 2003, plaintiff submitted an application to defendant seeking approval of his site specific development plan, in which he proposed to construct a bituminous concrete (asphalt) plant on this property, which was situated directly across from an existing cement plant. Plaintiff also submitted an erosion control plan to the Orange County Soil and Erosion Control Officer on 11 March 2003 and received approval of his erosion control plan on 14 April 2003.[2] Plaintiff spent approximately $100,000 in pursuit of this project in addition to the expenditure of time required to prepare his application and attend the various public hearings on his proposal.

Defendant's Board of Adjustment held three separate hearings to consider plaintiff's development plan on 12 February 2003, 12 March

---

1. Plaintiff closed on this property in December 2003.

2. There is a dispute as to whether this and other state and local permit applications were necessary steps for plaintiff's application to be complete. However, these facts ultimately are not determinative of our analysis of the critical issue in this case.

2003, and finally on 9 April 2003. At the third hearing, the Board of Adjustment once again continued proceedings until 30 April 2003. Earlier that same day, however, defendant had published, in a newspaper of record, notice of a hearing to be held on 22 April 2003 to consider a moratorium on the construction of processing and manufacturing facilities involving petroleum products, including asphalt plants, within its zoning jurisdiction. Nothing in the record indicates plaintiff was aware of the pending moratorium hearing at the time he acquiesced to the 9 April 2003 continuance of his hearing before the Board of Adjustment.

At the moratorium hearing, defendant's Board of Commissioners (Town Board) adopted "An Ordinance Amending the Town of Hillsborough Zoning Ordinance to Temporarily Suspend the Review, Consideration and Issuance of Permits and Applications for Manufacturing and Processing Operations Involving Petroleum Products" (the moratorium), which reads:

> Notwithstanding any provision in this Zoning Ordinance to the contrary, no manufacturing and processing facility involving petroleum products as one of the materials being manufactured and/or processed (including, but not limited to, refineries for gasoline and other fuels, liquefied gas refineries, asphalt plants, finished petroleum products plants, plants which manufacture asphalt paving mixtures and blocks, asphalt shingles and/or coating materials, and plants manufacturing or processing petroleum lubricating oils and greases) shall be permitted, and no application for any permit or approval to operate such a facility shall be accepted, processed, reviewed or considered by the Town. *This section shall apply to all applications for a permit or approval, including any application which is pending as of the effective date hereof.*

(Emphasis added.) This moratorium was to begin immediately and remain in effect until 31 December 2003, unless terminated earlier or extended by the Town Board for a period of up to six months. At the time the moratorium took effect, plaintiff's asphalt plant was the *only* development plan under consideration by the Board of Adjustment that was affected.

Defendant issued a notice that the hearing scheduled for 30 April 2003 was cancelled as a result of the moratorium, causing an indefinite delay in plaintiff's development plan. Then, on 24 November 2003, the Town Board adopted an amendment to Section 3.3 of its

zoning ordinance (the amendment) which states: "[M]anufacturing and processing facilities involving the use of petroleum products, such as . . . asphalt plants . . . are expressly prohibited in the Town of Hillsborough and it[s] extraterritorial zoning jurisdiction." The amendment was to take effect 1 March 2004. On 1 December 2003, the Town Board extended the moratorium to coincide with the effective date of the amendment. This action effectively terminated the development plan of plaintiff, who then initiated litigation.

## PROCEDURAL BACKGROUND

On 22 January 2004, plaintiff filed a complaint and petition for judicial review and writ of certiorari in Orange County Superior Court concerning his application. In September 2004 defendant filed a motion for summary judgment. After hearing defendant's motion, the trial court allowed summary judgment for defendant on 29 October 2004. The trial court's order determined, as a matter of law, that plaintiff is not entitled to a review of his application under the pre-moratorium and pre-amendment ordinance; that defendant complied with all due process and statutory requirements in adopting the moratorium, the moratorium extension, and the amendment; that plaintiff's challenge to the extension of the moratorium was mooted by enactment of the amendment; that plaintiff is not entitled to any further review or decision concerning his application; and that plaintiff is not entitled to any damages.

Plaintiff appealed the trial court's order to the Court of Appeals, which, in a divided decision, found that "plaintiff was entitled to rely upon the language of, and have his application considered under, the zoning ordinance in effect at the time he applied for his permit." *Robins v. Town of Hillsborough*, 176 N.C. App. 1, 7, 625 S.E.2d 813, 817 (2006). The majority also held that the trial court erred in granting summary judgment to defendant on plaintiff's constitutional claims because there was a genuine issue of material fact. *Id.* at 10, 625 S.E.2d at 819. Defendant appeals on the basis of a dissent in the Court of Appeals.

## STANDARD OF REVIEW

We review a trial court's order for summary judgment de novo to determine whether there is a "genuine issue of material fact" and whether either party is "entitled to judgment as a matter of law." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citing N.C.G.S. § 1A-1, Rule 56(c)).

**ROBINS v. TOWN OF HILLSBOROUGH**

[361 N.C. 193 (2007)]

## ANALYSIS

[1] The issue before us is whether plaintiff has a right to have defendant consider and render a decision on his application under the ordinance in effect at the time the application was made. Although the parties have presented arguments as to whether plaintiff may assert a vested right, either by operation of statute or common law principles, these arguments are inapposite because our vested rights decisions have considered whether a plaintiff has a right to complete his project despite changes in the applicable zoning ordinances, *see, e.g., Finch v. City of Durham*, 325 N.C. 352, 373, 384 S.E.2d 8, 20 (1989), an issue distinct from the one before us today. However, we determine, consistent with prior decisions of this Court, that plaintiff was entitled to have defendant render a decision on his application, complete with competent findings of fact which support such decision. Additionally, defendant's application merits review under the zoning ordinance as it existed before the moratorium and the amendment were passed.

Under Section 21.3.2 of the Town of Hillsborough Zoning Ordinance, the Board of Adjustment's "powers" "shall" include the authority to "[p]ass upon, decide, or determine such other matters as may be required by this Ordinance." Hillsborough, N.C., Zoning Ordinance § 21.3.2 (2003) [hereinafter Zoning Ordinance]. Similarly, the Rules of Procedure of the Board of Adjustment state that the Board "shall . . . hear and *decide* all matters . . . upon which it is required [to] pass by the Zoning Ordinance of Hillsborough." Hillsborough, N.C., Bd. of Adjust. R.P. VI(A) [hereinafter Adjust. R.P.] (emphasis added). Section 5.27 of the Zoning Ordinance lists the land uses for which site plan approval by the Board of Adjustment is "require[d]." Zoning Ordinance § 5.27.2 (2003). These uses include "[a]ll projects involving the construction of new buildings . . . on lots within" various districts including the "GI" district, in which plaintiff's proposed project is located. *Id.* § 5.27.2(b).

Under the Board of Adjustment's Rules of Procedure, board decisions "shall be supported by competent, material, and substantial evidence in the whole record." Adjust. R.P. VI(D)(1). Appeals from Board of Adjustment decisions are to the Superior Court. Zoning Ordinance § 21.3.10. The Board's procedural rules state that "a hearing" shall be held before a decision is rendered. Adjust. R.P. VI(C). Although nothing in the rules allows or prohibits a series of hearings or an indefinite suspension of consideration of an application, the rules require the Board's decision to be rendered in a timely fashion,

that is, "not more than thirty (30) days from the date of the last hearing of the matter under consideration." *Id.* VI(D)(2).

This Court has stated that the task of a court reviewing a town board's decision when the town board has acted as a quasi-judicial body includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs.*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980). Because town boards "are generally composed of laymen who do not always have the benefit of legal advice, they cannot reasonably be held to the standards required of judicial bodies." *Humble Oil & Ref. Co. v. Bd. of Aldermen*, 284 N.C. 458, 470, 202 S.E.2d 129, 137 (1974). However, such a body conducting a quasi-judicial hearing "can dispense with no essential element of a fair trial." *Id.* One of those essential elements is that "[a]ny *decision* of the town board has to be based on competent, material, and substantial evidence that is introduced at a public hearing." *Coastal Ready-Mix Concrete Co.*, 299 N.C. at 626, 265 S.E.2d at 383 (emphasis added). Accordingly, it is impossible for a court reviewing a town board's *decision* to do so unless the town board *actually renders* that decision.

Previously, this Court has bound town boards to their own rules of procedure. In *Humble Oil*, this Court noted that "[t]he procedural rules of an administrative agency 'are binding upon the agency which enacts them as well as upon the public. . . . To be valid the action of the agency must conform to its rules which are in effect at the time the action is taken. . . .' " 284 N.C. at 467, 202 S.E.2d at 135 (citations omitted). Consistent with this Court's duty to ensure "that decisions are not arbitrary and capricious," *Coastal Ready-Mix Concrete Co.*, 299 N.C. at 626, 265 S.E.2d at 383, we must determine whether

defendant followed its own procedures. "In no other way can an applicant be accorded due process and equal protection, or the [board] refute a charge that [its actions] constituted an arbitrary and unwarranted discrimination against a property owner." *Humble Oil*, 284 N.C. at 468, 202 S.E.2d at 135 (citing *Keiger v. Winston-Salem Bd. of Adjust.*, 281 N.C. 715, 720, 190 S.E.2d 175, 179 (1972)).

In many ways this case is analogous to *Humble Oil*. In *Humble Oil*, this Court required a Board of Aldermen to consider an applicant's application de novo because the procedural rules of the ordinance had not been followed. 284 N.C. at 467, 471, 202 S.E.2d at 135, 138. Specifically, the applicable ordinance required the Board of Aldermen, before a decision on an application was made, to receive a recommendation from the Planning Board after the Planning Board conducted an investigation into the subject matter of the application. *Id.* at 467, 202 S.E.2d at 135. In *Humble Oil*, the Board of Aldermen failed to follow this rule by denying the application before referring it to the Planning Board. *Id.* at 468, 202 S.E.2d at 135-36. In the case *sub judice*, the applicable ordinance provides that the Board of Adjustment "shall [p]ass upon, decide, or determine such . . . matters as may be required by this Ordinance," including site plans. Zoning Ordinance § 21.3.2(d). The Zoning Ordinance specifies the grounds upon which a site plan may be approved or denied. *Id.* § 5.27. Instead of following the proper procedures by which the Board of Adjustment would have rendered an up or down decision on plaintiff's application, defendant, acting through its Board of Commissioners, passed the moratorium and eventually amended the ordinance, effectively usurping the Board of Adjustment's responsibility in the matter. In essentially dictating by legislative fiat the outcome of a matter which should be resolved through quasi-judicial proceedings, defendant did not follow its own ordinance pertaining to the disposition of site specific development plans, thus leaving the Town Board no defense to the charge that its actions were arbitrary and capricious. *See Humble Oil*, 284 N.C. at 468, 202 S.E.2d at 135 (citing *Keiger*, 281 N.C. at 720, 190 S.E.2d at 179 (1972)).

We hold that when the applicable rules and ordinances are not followed by a town board, the applicant is entitled to have his application reviewed under the ordinances and procedural rules in effect as of the time he filed his application. Accordingly, plaintiff was entitled to receive a final determination from defendant regarding his application and to have it assessed under the ordinance in effect when the application was filed. We express no opinion as to whether

the application should be approved or denied on the merits, but merely that plaintiff is entitled to a decision by defendant pursuant to the ordinance as it existed before passage of the moratorium and the amendment.

[2] Because of our holding, we need not address the portion of the Court of Appeals opinion concerning the constitutionality of the amended zoning ordinance except to note that the Court of Appeals unnecessarily addressed the issue. Because plaintiff is entitled to have his application decided under the ordinance in effect at the time he filed his application, the amended ordinance does not apply to his proposed activity. Accordingly, we vacate that portion of the Court of Appeals opinion.

Thus, we modify and affirm the portion of the Court of Appeals opinion concerning plaintiff's right to have his application reviewed and a decision made under the zoning ordinance in effect on 21 January 2003. We remand to that court for further remand to the trial court with instructions to enter judgment for plaintiff declaring his right to have his application reviewed in accordance with this opinion. We also vacate the portion of the opinion of the Court of Appeals concerning the constitutionality of the amended zoning ordinance.

MODIFIED AND AFFIRMED IN PART; VACATED IN PART; REMANDED.

Justice HUDSON did not participate in the consideration or decision of this case.