SANDY MUSH PROPERTIES, INC., AND FLORIDA ROCK INDUSTRIES, INC., PLAINTIFFS V. RUTHERFORD COUNTY, BY AND THROUGH THE RUTHERFORD COUNTY BOARD OF COMMISSIONERS, DEFENDANT

No. COA06-68-2

(Filed 18 December 2007)

**Zoning— statutory right to use property—consideration in light of *Robbins***

A prior decision that plaintiffs did not obtain a vested statutory right in the use of the subject property was affirmed on remand for consideration of *Robbins v. Town of Hillsborough*, 361 N.C. 193. The issue of a statutorily vested right to use zoned property was not in issue before the Court in that case.

Appeal by Plaintiffs and by Defendant from order entered 7 December 2005 by Judge Forrest Donald Bridges in Superior Court, Rutherford County. Heard in the Court of Appeals 23 August 2006, and opinion filed 2 January 2007. Remanded to this Court by order of the North Carolina Supreme Court for reconsideration in light of *Robins v. Town of Hillsborough*, 361 N.C. 193, 639 S.E.2d 421 (2007).

*Kennedy Covington Lobdell & Hickman, L.L.P., by Roy H. Michaux, Jr. and Ann M. Anderson, for Plaintiffs.*

*Sigmon, Clark, Mackie, Hutton, Hanvey, & Ferrell, P.A., by Warren A. Hutton, Forrest A. Ferrell and Stephen L. Palmer; and Nanney, Dalton & Miller, L.L.P., by Walter H. Dalton and Elizabeth Thomas Miller, for Defendant.*

McGEE, Judge.

In *Sandy Mush Props., Inc. v. Rutherford Cty.*, 181 N.C. App. 224, 638 S.E.2d 557 (2007), our Court held, *inter alia*, that pursuant to N.C. Gen. Stat. § 153A-344(b) (2003), Plaintiffs did not obtain a statutory vested right to use the subject property as a quarry by virtue of the issuance of a building permit for an office building. *Sandy Mush*, 181 N.C. App. at 232-36, 638 S.E.2d at 562-64. Our Supreme Court allowed Plaintiffs' petition for discretionary review "for the limited purpose of remanding this case to the Court of Appeals for reconsideration of its decision in light of *Robins v. Town of Hillsborough*, 361 N.C. 193, 639 S.E.2d 421 (2007)." *Sandy Mush Props., Inc. v. Rutherford Cty.*, 361 N.C. 569, 651 S.E.2d 566 (2007). Upon remand, our Court ordered the parties to submit supplemental briefs and the matter is now before our Court for reconsideration as ordered by our Supreme Court.

In *Robins*, our Supreme Court held that "when the applicable rules and ordinances are not followed by a town board, the applicant is entitled to have his application reviewed under the ordinances and procedural rules in effect as of the time he filed his application." *Robins*, 361 N.C. at 199, 639 S.E.2d at 425.

In the present case, Plaintiffs argue that the rationale of *Robins* "supports a determination that Plaintiffs had a vested right to develop the property upon fulfilling all permitting requirements applicable under State law." We disagree.

The Supreme Court specifically limited its holding in *Robins*, as follows:

Although the parties have presented arguments as to whether [the] plaintiff may assert a vested right, either by operation of statute or common law principles, these arguments are inapposite because our vested rights decisions have considered whether a plaintiff has a right to complete his project despite changes in the applicable zoning ordinances, *see, e.g., Finch v.*

*City of Durham*, 325 N.C. 352, 373, 384 S.E.2d 8, 20 (1989), an issue distinct from the one before us today.

*Robins*, 361 N.C. at 197, 639 S.E.2d at 423. Because the Supreme Court in *Robins* determined that the issue of a statutory vested right was not an issue before the Court, *Robins* is thus not a statutory vested rights case, and we hold that the decision in *Robins* has no effect on the present case. Therefore, we affirm our prior decision in full.

Affirmed.

Judges BRYANT and ELMORE concur.