Jones, J.
On this appeal we are importuned to hold that zoning powers may not be invoked to exclude from a residential district a half-way house which is maintained as an integral stage in a narcotics rehabilitation program. In reversing the order of the Appellate Term on this record we do not reach so broadly stated an issue.
For several years the Village of Tarrytown Zoning Ordinances had defined a “ family ” for purposes of a single-family residential zone as follows: “ Any number of individuals related by blood or marriage or adoption, living and cooking together on the premises as a single housekeeping unit. Customary domestic servants are an adjunct to the term ‘ family When not more than five individuals not related by blood or marriage wish to live and cook together on the premises as a single housekeeping unit, such individuals, not exceeding five exclusive of domestic servants, may be considered a non-related * family ’ provided a permit for such housekeeping unit listing the names of such individuals has been issued by the building inspector, and provided no such non-related family shall be permitted to take in any boarder or lodger.’? (Village of Tarrytown Zoning Ordinance, § 2-8.)
Respondent, Renaissance Project, Inc. (“ Renaissance ”), is a domestic corporation operating four community program centers in Westchester County and one in Ulster County, a 24-hour residential facility at Ellenville, New York, and the single re-entry and phaseout facility which is the subject of this action, located at 200 Sheldon Avenue in the Village of Tarrytown. Renaissance as a certified agency is subject to the jurisdiction of the New York State Drug Abuse Control Commission. The complex of its projects comprises a narcotics rehabilitation program in several stages funded by public moneys received from local municipalities and the Federal Government. The present half-way house is the last stage, designed to assist a former addict in successful return and adjustment to life in a normal community.
From the record before us it appears that respondents were informed by village representatives at the time of the purchase of the Sheldon Avenue property (located in an R-7.5 one-family residential zone) that its intended use as a half-way house would be deemed to be in violation of the village zoning ordinances. *69 Nonetheless Renaissance proceeded to acquire the property and to conduct its program thereat. The record discloses that during the 16-month period here involved there were some 42 unrelated persons occupying the property, with 'between 5 and 12 men residing at the property at any one time, together with a supervisor and a housekeeper.
An application was made to the village building inspector for a variance and permit for use of the property by a nonrelated family group. The record before us does not disclose what disposition was made of that application; for present purposes we must assume that no variance or permit has been granted.
After trial in Justice Court, both defendants were convicted of the offense of using and occupying the 200 Sheldon Avenue premises without a valid certificate of occupancy and in violation of the village zoning ordinances. Their convictions were reversed as a matter of law by the Appellate Term exclusively in reliance on the decision in the Court of Appeals for the Second Circuit in Boraas v. Village of Belle Terre (476 F. 2d 806), a decision which was thereafter reversed in the Supreme Court of the United States (Village of Belle Terre v. Boraas, 416 U. S. 1). The case is now before us on appeal by the People. We note in passing that there is pending a companion action instituted by the corporate defendant, Renaissance, for a declaratory judgment to test the validity of these village zoning ordinances as applied to Renaissance’s use of the Sheldon Avenue property.
There is no dispute that respondents were guilty of violation of the literal terms of this zoning ordinance. Respondents’ attack is mounted on a broader base — that if the ordinance be construed so as to exclude the Renaissance re-entry household from the single-family residence zone it is void as contrary to the public policy of the State of New York and beyond the legislative authority of the village. Reliance is placed on our recent decision in City of White Plains v. Ferraioli (34 N Y 2d 300). There is, however, no sufficient evidence in the very meager record now before us on which to predicate the arguments respondents make on brief. While there is some testimony as to the nature of respondents’ program, it does not follow, of ■course, that the promoters of every worthwhile community project thereby, if so facto, become entitled to set their project *70 down in any location of their choosing in any municipality they may select. The fact that there may be found strong support for the present program in the provisions of the Mental Hygiene Law does not alter the situation (e.g., Mental Hygiene Law, § 200, subds. 1, 3; Rules and Regulations of the Department of Mental Hygiene, § 103.1; 14 NYCRR 103.1).
There is nothing in this record, for instance, from which it could be concluded that proscription of the use of the Sheldon Avenue property would foreclose or even seriously handicap accomplishment of the commendable objectives of Renaissance. The record is barren of proof as to whether there are other zoning districts within the Village of Tarrytown or even nearby in which a half-way house such as Renaissance’s would be permitted, as to the character of such districts, or as to their suitability to the full achievement of Renaissance program objectives.
By similar token there is available at best on this record only inference and argument as to whether this half-way house would, conflict with the proper purpose the village may have in largely limiting uses in a particular zone to single-family units, or whether, on the other hand, exclusion of this half-way house would transgress permitted control of types of housing and living (cf. City of White Plains v. Ferraioli, supra, p. 305).
Because there is no predicate here sufficient to review, or certainly to sustain, respondents’ attack on the zoning ordinance, the order of the Appellate Term must be reversed. In so doing, however, we take pains to note the very limited precedential significance of our present determination. The underlying issue — the permissible scope of municipal regulation by zoning enactment of half-way houses incident to a narcotic rehabilitation program — is not reached (cf. 14 NYCRR 1005.45).
The order of the Appellate Term should accordingly be reversed and the case remitted to that court for determination of the facts in conformity with CPL 470.40 (subd. 2, par. [b]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to Appellate Term for further proceedings in accordance with the opinion herein.