◼ In the Matter of IBERO-AMERICAN ACTION LEAGUE, INC., Appellant, and JOHN C. MORCAN, Petitioner v FRANK PALMA et al., Constituting the Board of Zoning Appeals of the City of Rochester, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: On this appeal we review an order of Special Term which affirmed the denial of a special exception permit to petitioners-appellants, Ibero-American Action League, Inc., and John C. Morcan. Petitioners sought approval from the City of Rochester Zoning Board of Appeals to create a short term residential facility in furtherance of the local community's drug addict rehabilitation program at certain premises within the City of Rochester. After due notice a public hearing was held pursuant to the city's zoning ordinance. Petitioners' application was denied, primarily on the grounds that the premises sought to be employed were not suitable for the proposed use due to the lack of adequate parking facilities, the proximity of three elementary schools in the immediate vicinity, and the absence of adequate security measures to prevent patients from leaving the premises. Petitioners contend that the City of Rochester zoning ordinance concerning transitional service facilities (§ 115-6), requiring the grant of a special exception for the proposed residential therapeutic center, is invalid and unlawful in that it conflicts with the pre-emptive and over-riding State laws, particularly the Mental Hygiene Law, in the regulation and control of drug abuse treatment and residential facilities as that proposed by petitioners. Additionally, petitioners maintain that the denial of the special exception was arbitrary and capricious and constituted an abuse of discretion. A reading of the Mental Hygiene Law as it pertains to the establishment of drug rehabilitation centers (§ 81.01 *et seq.;* § 83.01 *et seq.)* shows no clearly defined intent to pre-empt reasonable local regulation of the location and construction of these centers. (See *People v Renaissance Project,* 36 NY2d 65.) Indeed, the statute expressly confers upon the Drug Abuse Control Commission (DACC) the authority to promulgate regulations within the framework of establishing a drug abuse control program within the State (§ 81.09) and one such regulation provides that "To qualify for approval every applicant and every agency shall demonstrate to the satisfaction of the commission, its compliance with all applicable * * * local laws, ordinances, rules, regulations and orders pertaining to health, welfare and safety." (14 NYCRR 1005.45.) Moreover, the zoning ordinance in question does not totally prohibit the establishment of a facility otherwise approved by a State agency but only requires that such a facility conform to certain criteria well within the competence of a local zoning board to determine. (General City Law, § 20. Cf *City of White Plains v Ferraioli,* 34 NY2d 300; *Jewish Consumptives' Relief Soc. v Town of*

*Woodbury,* 230 App Div 228, affd 256 NY 619.) A review of the record reveals ample support for the zoning board's determination, and therefore it cannot be said that the board's action constituted an abuse of discretion. (Appeal from judgment of Monroe Special Term in article 78 proceeding.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.