A. Franklin Mahoney, J.
In this action for a permanent injunction, plaintiff seeks an order preliminarily enjoining and restraining the defendants from using premises known as 54 Maple Avenue, in the City of Troy, New York, heretofore purchased by the New York State Department of Mental Hygiene and leased to the New York State Association of Retarded Children, Inc., Rensselaer County Chapter, for use as a halfway house or hostel for the mentally retarded. The defendant, New York State Department of Mental Hygiene, has made a cross motion for judgment dismissing the complaint upon the grounds that the court lacks jurisdiction of the person of the defendant and the subject matter of the action and upon the ground that the complaint fails to state a cause of action. The claim that the court has no jurisdiction of the subject matter of the action and of the person of the defendant Mental Hygiene Department (CPLR 3211, subd [a], pars 2, 8), is without merit and denied.
The plaintiff herein is an owner of premises as tenant by the entirety which are in close proximity to the subject premises which the defendants are presently using as a hostel or home for mentally retarded adults. The subject property is situated in an R-2 residential district in the City of Troy in which the proposed use by the defendants is not permitted. The defendants have not nor do they intend to make any application to the city’s zoning authorities for approval of the use, it being their position that said use is in furtherance of a *863 governmental purpose and is thereby immunized and exempt from local zoning ordinances. The plaintiff contends that said use by the defendants will cause substantial injury to the value of her property and of the properties of other persons similarly situated and, further, that such use is incompatible with the residential character of the street, and denigrates aesthetic and property values of residences located not only on Maple Avenue but in the remainder of the R-2 residential zone. The gravamen of the complaint is that the present and contemplated use violates the zoning ordinance of the City of Troy and is thereby illegal and void.
The issue raises the ancient dichotomy of distinguishing between governmental and proprietary functions of State and local governments. Section 1.03 of article 1 of the Mental Hygiene Law states that "The protection and promotion of the mental health of the people of the state and the prevention of mental illness, mental retardation * * * are matters of public concern. The state and local government shall share responsibility * * * for developing plans, programs, and services for the care, treatment and rehabilitation of the mentally retarded”. Next, section 11.01 of article 11 of the Mental Hygiene Law, entitled "Declaration of purpose”, states that "This article is designed to enable and encourage local governments to develop in the community preventive, rehabilitative, and treatment services offering continuity of care; to improve and to expand existing community programs for the mentally ill, the mentally retarded * * * whose conditions * * * are associated with mental disabilities * * * to plan for the integration of community, regional, and state services and facilities for the mentally disabled.” In furtherance of the afore-described statutory State purpose to aid the mentally ill, section 11.33 of article 11 of the Mental Hygiene Law states that "The commissioner shall have the power to operate or cause to be operated community residential facilities as hostels for the mentally disabled”.
Clearly, the purchase of the premises at 54 Maple Avenue in the City of Troy and the leasing of the same by the State to the local chapter of the State Association of Retarded Children was in furtherance of a legitimate State purpose and the operation of the subject premises is governmental in nature and thereby exempt from the provisions of the zoning ordinance of the City of Troy. (County of Westchester v Village of Mamaroneck, 22 AD2d 143, affd 16 NY2d 940; City of Roches *864 ter v Town of Rush, 67 Misc 2d 328, affd 37 AD2d 795; Abbott House v Village of Tarrytown, 34 AD2d 821, 822; Matter of Wiltwyck School for Boys v Hill, 11 NY2d 182.) The governmental nature of the subject premises is not altered or changed or made proprietary merely because the residents pay for services, all or in part, by their own resources. (14 NYCRR 111.5 [a] [5], [7], 111.8 [b] [2].) A use is governmental if it is created pursuant to a duty imposed upon the sovereign to provide for the well-being and health of a community. It is nonarguable that the State, in co-operation with local communities, has a duty to provide for the unfortunate among us and, in furtherance of that duty, to declare that duty as a purpose and to move affirmatively to implement that goal. In my view, therefore, the "retarded home” at 54 Maple Avenue is authorized under the afore-cited articles of the Mental Hygiene Law and its use is exempt from the provisions of the local zoning ordinance. (Matter of Moore v Nowakowski, 46 AD2d 996; City of White Plains v Ferraioli, 34 NY2d 300.)
It does not follow, however, that because a use is governmental in nature and thereby less restricted than a proprietary use, that the sovereign can arbitrarily select a site in any community for the operation of the facility in furtherance of the governmental purpose. As Judge Jones noted in People v Renaissance Project (36 NY2d 65, 69-70): "it does not follow, of course, that the promoters of every worthwhile community project thereby, ipso facto, become entitled to set their project down in any location of their choosing in any municipality they may select.” The sovereign must act reasonably and rationally under the circumstances so that the governmental purpose may be achieved with the least amount of invasion or diminution of private rights. The State, in co-operation with the local community, is not absolutely free to locate any governmental use in any location without a showing that less objectionable means are not available. Herein, as in People v Renaissance Project, supra, the record is barren of any evidentiary proof that the subject use could not be carried out in any other location in the City of Troy. There is nothing before this court that would aid it in determining whether the defendants acted arbitrarily or capriciously in the purchase and use of the property and that due consideration was not given to the character of the neighborhood and that less objectionable methods of accomplishing the same result could have been found. While "It is the settled policy of the courts not to *865 review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate” (Gaynor v Rockefeller, 15 NY2d 120, 131) CPLR article 78 review is always available to determine, based upon a proper evidentiary showing, if the affirmative act was beyond the parameters of reason and without a rational basis. The record before me fails to disclose the considerations of the defendants that caused them to purchase and place in use as a hostel the premises at 54 Maple Avenue and I am, therefore, unable to review the reasoning or rationale of the defendants that caused them to act as they did. Next, I cannot alter the form of the action, since it challenged the acts of the defendants on the ground that they were without warrant of authority to open the hostel, as it is proper in form. (CPLR 103, subd [c].) I can, however, reserve to the plaintiff herein the right to review by an article 78 proceeding the considerations employed by the defendants in the purchase and dedication of the premises located at 54 Maple Avenue in the City of Troy.
The application for a preliminary injunction is denied. The cross motion to dismiss the verified complaint for a permanent injunction on the ground it fails to state a cause of action (CPLR 3211) is granted, without prejudice to the plaintiff’s commencement of an article 78 proceeding to review the acts of the defendants, if the plaintiff so elects within the time limited for the commencement of such a proceeding.