HON. MONTE J. ROSENSTEIN Town Attorney, Wallkill
This is in response to your letter wherein you request an opinion of the Attorney General as to whether or not (1) a town's planning or zoning board has jurisdiction over the location of facilities owned by a regional off-track betting corporation and (2) the building inspector of the town has the right to inspect the premises of such corporation with respect to fire code violations of the town.
Article VI contained in chapter 2 of Title 21 of the Pari-Mutuel Revenue Law, as amended by Laws of 1973, chapter 346, provides for off-track pari-mutuel betting and Article VII-A (McKinney's Unconsolidated Laws, § 8113) makes provision for the establishment of regional off-track betting corporations. The Catskill Regional Off-Track Betting Corporation was established pursuant to said section 8113 and McKinney's Unconsolidated Laws, § 8063. By law each regional off-track betting corporation is a body corporate and politic constituting a public benefit corporation (section 8113) with a purpose to derive reasonable revenue for the support of government and to prevent and curb unlawful bookmaking (section 8062).
Chapter 144 of the Laws of 1970 enacted the New York City Off-Track Betting Corporation Law. A declaration of policy and statement of purposes may be found in section 71 of such law (McKinney's Unconsolidated Laws, § 8082). While the policy and purpose of off-track betting corporations exists in the New York City Off-Track Betting Corporation Law, its scope and declaration would extend to the regional off-track betting corporations as well. Section 71(3) of the New York City Off-Track Betting Corporation Law (McKinney's Unconsolidated Laws, § 8082[3]), provides, in part:
 "3. That the operation of an off-track pari-mutuel betting system by a public benefit corporation * * * in accordance with the provision of the New York state off-track pari-mutuel betting law, is deemed to be a matter of state concern and a public purpose which cannot be adequately attained except by the powers of government, and that such public benefit corporation in the exercise of the powers conferred upon it by this article, will perform a governmental function." (Emphasis supplied.)
Your attention is called to Western Regional Off-Track BettingCorporation v. Town of Henrietta, 78 Misc.2d 169 (Supreme Court, Monroe County, 1974), affd. 46 A.D.2d 1010, where it was stated that a regional off-track betting corporation performs a governmental function and as such is not subject to town zoning restrictions.
It does not follow, however, that because a use is governmental in nature and thereby less restricted than a proprietary use the sovereign can arbitrarily select a site in any community for the operation of a facility in furtherance of the governmental purpose. To quote in part from Conners v. N.Y.S. Associationof Retarded Children, 82 Misc.2d 861 (Supreme Court, Rensselaer County, 1975), it was said:
 "The sovereign must act reasonably and rationally under the circumstances so that the governmental purpose may be achieved with the least amount of invasion or diminution of private rights. The State, in cooperation with the local community, is not absolutely free to locate any governmental use in any location without a showing that less objectionable means are not available."
Town Law, § 130, provides, in part:
 "The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes * * *
* * *
 "5. Fire prevention. Regulating the erection of buildings where extrahazardous business is to be carried on and the carrying on of such business: Regulating the attendance in public buildings and the use of aisles as standing room for spectators and the erection of fire escapes on all public buildings: Regulating the construction and use of all heating systems and devices employing heat or fire or conducting smoke for any purpose: Establishing fire limits and prohibiting the erection of frame buildings or structures therein: Preventing and extinguishing fires and regulating conduct thereat: * * * Preventing damage by fire and protecting property exposed to destruction by fire: Providing for the voluntary destruction either in part or in whole of buildings and property to arrest fire or extinguish the same, and for all other things necessary or helpful for the prevention of fire or the extinguishing thereof and for such other further purposes as shall tend to provide for the general safety of persons and property within the town." (Emphasis supplied.)
While the courts have adjudicated that a regional off-track betting corporation performs a governmental function and as such is not subject to town zoning estrictions (Western RegionalOff-Track Betting Corporation v. Town of Henrietta, supra),
there have been no court determinations in relation to off-track betting corporations to include such corporations in the principal enunciated in County of Westchester v. Village ofMamaroneck, 22 A.D.2d 143 (2d Dept., 1964), affd. 16 N.Y.2d 940
(1965), that a municipality may not apply local building codes to State or municipal buildings used for governmental purposes within its boundaries. Absent such court determinations, we feel that if the Town of Wallkill should exercise its power to adopt an ordinance for fire control pursuant to provisions of Town Law, § 130(5), the Building Inspector of said Town would be authorized to inspect the premises of a regional off-track betting corporation with respect to fire code violations of the Town.
In view of the provisions of McKinney's Unconsolidated Laws, §§ 8062, 8063, 8082(3) and 8113 and Western Regional Off-TrackBetting Corporation v. Town of Henrietta, supra, we conclude that the Town of Wallkill's Planning and Zoning Boards are without jurisdiction over the location of facilities of the Catskill Regional Off-Track Betting Corporation. However, said Town's Building Inspector does have the right to inspect the facilities of said Corporation for possible fire code violations if the Town of Wallkill adopts an ordinance pursuant to Town Law, § 130(5), relating to fire control within the Town.