Farr v. Board of Adjustment

Reversed and remanded.

Judges WELLS and MARTIN concur.

VIRGINIA M. FARR v. THE BOARD OF ADJUSTMENT OF THE CITY OF
ROCKY MOUNT, NORTH CAROLINA

No. 847SC10

(Filed 5 March 1985)

**Municipal Corporations §§ 30.3; 30.15— zoning ordinance—occupancy of accessory
building.—failure to show ordinance violated — unconstitutionality of ordinance**

Neither the trial court's findings nor the record as a whole supported the
conclusion that petitioner is violating the zoning ordinance of the City of
Rocky Mount by permitting her son and his family to occupy a small dwelling
house behind her dwelling house since the house was built while a prior zoning
ordinance was in effect, and the record fails to show whether the building is
being occupied as a prior nonconforming use. Moreover, if the ordinance were
interpreted as contended by respondent to prevent petitioner's son and his
family from occupying the small house and to authorize a domestic employee
and his family to live there, the ordinance would be unconstitutional as not be-
ing rationally related to a purpose the enacting body was authorized to ad-
dress.

Chief Judge HEDRICK dissenting.

APPEAL by petitioner from *Lewis, John B., Jr., Judge.* Judg-
ment entered 8 August 1983 in Superior Court, NASH County.
Heard in the Court of Appeals 16 October 1984.

Petitioner, a widow, seeks reversal of a decision by respond-
ent Board of Adjustment that her use of certain property is in
violation of a City of Rocky Mount zoning ordinance. The record
shows the following:

On 28 May 1982, after her husband's death, petitioner pur-
chased a lot on West Haven Boulevard in Rocky Mount that had
two houses on it, one somewhat larger than the other. The larger
structure fronts on the street, the smaller one is behind it in the
backyard, and each is a self-contained dwelling house, with a liv-
ing room, a kitchen, a bathroom, an air conditioning-heating
system, and at least one bedroom. Since purchasing the property
petitioner has lived in the larger house and permitted her son, his

wife, and their two children to live in the smaller one. On 6 December 1982, the Supervisor of Inspections for the City of Rocky Mount issued to petitioner a "Notice of Violation of Zoning Ordinance," which alleged that "[a]n accessory building located on your property is being occupied as a residence," in violation of Section VII.A of the zoning ordinance of the City of Rocky Mount, and directed her to "correct the violation" on or before 8 January 1983. More specifically the Supervisor of Inspections advised petitioner that under the zoning ordinance the smaller house, as an "accessory building" in an R-10 zone, could be occupied only by domestic employees employed on the premises and their immediate families, and the use of the building by her son and his family was therefore unlawful. This determination was appealed by the petitioner to the City's Board of Adjustment, which upheld it. Petitioner then obtained a writ of certiorari from the Superior Court and the Board's decision was first reviewed by Judge Donald Smith, who remanded the matter to the Board for additional findings of fact and conclusions of law. After reconsidering the matter the Board found facts essentially as stated above, and again concluded that the use of the house by petitioner's son and his family violated the zoning ordinance. This decision was reviewed and affirmed by Judge John B. Lewis, Jr.

*Fitch and Butterfield, by G. K. Butterfield, Jr., for petitioner appellant.*

*Dill, Exum, Fountain & Hoyle, by William S. Hoyle, for respondent appellee.*

PHILLIPS, Judge.

Our review of zoning board of adjustment decisions is limited to questions of law and legal inference; we may not consider questions of fact. G.S. 160A-388(e); *Coastal Ready-Mix Concrete Co. v. Board of Commissioners of the Town of Nags Head*, 299 N.C. 620, 265 S.E. 2d 379, *reh. denied*, 300 N.C. 562, 270 S.E. 2d 106 (1980). A Board's findings of fact if supported by competent evidence are conclusive on appeal. *In re Campsites Unlimited*, 287 N.C. 493, 215 S.E. 2d 73 (1975). The Board's findings of fact in this case are so supported, but neither the findings nor the record as a whole support the conclusion that petitioner is violating the zoning law of the City of Rocky Mount by permitting her son and his family to occupy the dwelling house involved.

In the first place, the record that respondent Board certified to the court, all that we have to go by in determining the validity of its action, is quite incomplete. It contains only selected parts of the zoning ordinance petitioner is allegedly violating and no part of the earlier ordinance that was in effect when the house involved was built, or at least when the City gave the former owner a permit to build it. For the record shows that the house was built under a permit issued by the City of Rocky Mount on 24 April 1975, whereas the zoning ordinance petitioner is charged with violating was not enacted until several months later and did not become effective until 1 January 1976. Too, while the building permit shows that the lot was then classified R-15 (it is now classified R-10), the record does not tell us what that classification entailed; it merely shows that the former owner was authorized to construct an "accessory building." But what an "accessory building" under the former ordinance was and what use it was limited to we do not know. It is self-evident, though, that the house was built for human habitation and the record does establish that it was so used for several years before petitioner bought it; but whether those that used it were required to be domestic employees of the former owner we do not know and refuse to surmise that they were. It is rudimentary learning, though, that a later enacted zoning ordinance does not affect the use of existing buildings or those that are being constructed under a lawful permit. *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E. 2d 904, 49 A.L.R. 3d 1 (1969). Thus if the house when it was built or started could be lawfully occupied by the owner's child and his family, and nothing in the record suggests that it could not, the limitation later enacted would have no application. In all events we cannot conclude from this record that petitioner is in violation of the City zoning ordinance by permitting her son and his family to occupy the dwelling house involved, and therefore vacate the judgment appealed from.

In the second place, if we interpreted the zoning ordinance excerpts brought forward to prevent petitioner's son and his family from occupying the house situated in her backyard, but to authorize a domestic employee and his family to live there, as the respondent contends that we should, we would be obliged to hold that the ordinance is unconstitutional. This is because an inherent requisite of all legislation is that it be rationally related to a pur-

Farr v. Board of Adjustment

pose that the enacting body is authorized to address and if there is a rational relation between prohibiting a property owner's child from living in a dwelling house on her property that is zoned for residential purposes and any object of the police power, which is the basis for all zoning legislation, it is not apparent to us. Nor have we found any court decision involving similar circumstances that so holds. Certainly the ordinance cannot promote low density occupancy of the lots involved, a proper object of residential zoning, as it permits an extra family to live on each lot classified R-10 and limits only the status of the extra occupants. In this instance, it is not as if family residential property was being used for another purpose, say as a nursing or retirement home, as in *In re Appeal of McGinnis*, 68 Pa. Commw. 57, 448 A. 2d 108 (1982), *cert. denied*, 461 U.S. 944 (1983); the property here is being used for the residential purposes that the ordinance requires. Nor is it as if those using the house were different in status or class from other occupants of that area, as in the case of *New York v. Renaisance*, 36 N.Y. 2d 65, 324 N.E. 2d 355 (1975), where it was fallaciously contended that unrelated narcotic addicts under rehabilitation were "family" members within the meaning of the local ordinance; the user here, along with his family, is the actual child of the owner.

The judgment appealed from is therefore vacated and the matter remanded to the Superior Court for appropriate disposition in accord with this opinion.

Vacated and remanded.

Judge BECTON concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

The majority opinion, among other things, states that the Board's findings of fact in this case are supported by competent evidence and are thus conclusive on appeal. If I divine correctly, the majority holds that the whole record and the findings made by the Board of Adjustment do not support the Board's conclusion that the petitioner, by allowing her son and his family to reside in the accessory building on petitioner's residential lot, is

violating the zoning ordinance that forbids such occupancy in an R-10 zoning district. The majority seems to say that the petitioner is permitted, under the ordinance, to allow her son and his family to live in the accessory building because it is a prior nonconforming use. I arrive at this conclusion because of several statements in the majority opinion, including the following: "Thus if the house when it was built or started could be lawfully occupied by the owner's child and his family, and nothing in the record suggests that it could not, the limitation later enacted would have no application." If this is indeed the justification for the majority holding, it was not suggested by the petitioner and, as the majority states, it is not apparent from the record. Certainly the Board of Adjustment had no burden to negate the possibility that the building was being occupied as a prior nonconforming use where no such contention was made by the petitioner.

The majority's ultimate decision seems to be based on the suggestion that the ordinance in question is unconstitutional because it is not "rationally related to a purpose that the enacting body is authorized to address." In my opinion the ordinance in question is constitutional.

In sum, I believe the decision of the Board of Adjustment, reviewed in accordance with the standards set out in *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379 (1980), was properly affirmed by the superior court.