VIRGINIA M. FARR v. THE BOARD OF ADJUSTMENT OF THE CITY OF ROCKY MOUNT, NORTH CAROLINA

No. 214A86

(Filed 4 November 1986)

1. **Municipal Corporations § 30.11— zoning ordinance—accessory building—use as residence by owner's son—ordinance not violated**

   A zoning ordinance of respondent city did not prevent petitioner from allowing her son and his family to live in a detached building on her property where the ordinance provided that no accessory building could "be inhabited or used by other than the owners . . . or their employees," and "owners" must be construed as including the holder of title to the property and members of the titleholder's family.

2. **Municipal Corporations § 30.11— zoning ordinance—accessory building used as residence—no accessory use—ordinance not violated**

   A provision of respondent's zoning ordinance that an "accessory use" shall not include residential occupancy by others than servants and their families did not apply to bar petitioner's son and his family from living in an accessory

building on petitioner's property, since the ordinance defined "accessory use" as "[a] use incidental to and customarily associated with the use-by-right and located on the same lot with the use-by-right," but use of the accessory *building* in this case was not an accessory *use*, but was instead the use-by-right itself, *i.e.*, single-family residential use.

**3. Municipal Corporations § 30.11— zoning ordinance—one main building—one use for lot—ordinance not violated**

There was no merit to respondent's contention that petitioner was in violation of its zoning ordinance which provided that "in no case shall there be more than one main building . . . on the lot nor more than one main use . . . per building and lot," since in this case there was only one main building, in which petitioner herself resided, and one main use, which was residential, and use of an accessory building by petitioner's family for residential purposes did not violate the ordinance.

ON appeal of a decision of the Court of Appeals, 79 N.C. App. 754, 340 S.E. 2d 521 (1986), which vacated a judgment of *Lewis, J.* entered 8 August 1983 in Superior Court, NASH County. Heard in the Supreme Court 14 October 1986.

*Fitch, Butterfield & Wynn, by G. K. Butterfield, Jr., for petitioner appellee.*

*Dill, Fountain & Hoyle, by Randall B. Pridgen, for respondent appellant.*

MITCHELL, Justice.

The issue before us is whether a zoning ordinance of the City of Rocky Mount prohibits the residential use of an accessory building by members of the family of the owner of the property. We hold that it does not.

The facts of this case are not disputed. In May 1982, the petitioner, Mrs. Virginia M. Farr, purchased property in Rocky Mount which included a house and two detached buildings. One of the detached buildings is occupied as a residence by Mrs. Farr's son, his wife, and two children. Mrs. Farr resides in the main building which is on the front of the property. The building in which her son resides is located at the rear of the property. The property is located in an R-10 zone in the City of Rocky Mount and is restricted to single family residential use.

In December 1982, the City Building Inspector notified Mrs. Farr that the residential use of the detached building by her son

was in violation of the City of Rocky Mount zoning ordinance. The notice ordered her to cease using the said accessory building as a residence and notified her of her right to appeal to the Rocky Mount Zoning Board of Adjustment.

Mrs. Farr appealed to the Board of Adjustment which heard the matter and upheld the decision of the Building Inspector. She then filed a petition for writ of certiorari with the Superior Court, Nash County, seeking reversal of the decision of the Board of Adjustment. After a hearing, Judge Donald L. Smith remanded the matter to the Board of Adjustment for the entry of findings of fact and conclusions of law. The matter came on for a rehearing before the Board of Adjustment which made detailed findings and conclusions supporting its prior decision. Thereafter, the matter was again transferred to the Superior Court pursuant to the original petition for writ of certiorari. A hearing was conducted in the Superior Court by Judge John B. Lewis, Jr., who entered an order affirming the decision of the Board of Adjustment.

The petitioner, Mrs. Farr, appealed to the Court of Appeals which concluded that neither the findings of the trial court nor the record as a whole supported the holding that petitioner was in violation of the zoning ordinance and vacated the judgment of the Superior Court. 73 N.C. App. 228, 326 S.E. 2d 382 (1985). The Court of Appeals seems to have based its decision on the supposition that Mrs. Farr was not violating the zoning ordinance because her use of the building in question was a prior non-conforming use. Further, the Court of Appeals stated in *obiter dictum* that the provisions of the ordinance as applied by the Board of Adjustment and the Superior Court were unconstitutional. Chief Judge Hedrick dissented, and the respondent Board of Adjustment appealed to this Court as matter of right.

This Court vacated the decision of the Court of Appeals by a per curiam opinion, 315 N.C. 309, 337 S.E. 2d 581 (1985), in which we concluded that the Court of Appeals had decided the case "on the basis of the principle of 'prior non-conforming use,' an issue not raised or briefed by the parties to this action and not supported by the record." *Id.* We remanded the case to the Court of Appeals for its initial consideration of the issue raised there by the petitioner, Mrs. Farr.

Upon remand, the Court of Appeals did not discuss Mrs. Farr's contentions that the ordinance did not prohibit the use to which she had put her property, but simply stated that those contentions "are without merit and should be overruled." 79 N.C. App. 754, 340 S.E. 2d 521 (1986). After again making reference to the principle of prior non-conforming use, the Court of Appeals appears to have held that the ordinance in question is unconstitutional as applied by the Board and the Superior Court in this case.

Chief Judge Hedrick again dissented expressing his opinion that the ordinance in question is not unconstitutional. *Id.* He further stated: "I do not believe the majority has addressed the principal·issue raised on appeal as to whether the occupancy of the accessory building as a residence by the petitioner's son is a violation of the ordinance." *Id.* The Board of Adjustment again appealed as a matter of right.

[1]   The principal issue which must be addressed on appeal in this case is whether the zoning ordinance of the City of Rocky Mount prohibits Mrs. Farr from allowing her son and his family to live in the detached building on her property. The respondent Board argues that two sections of the ordinance are applicable. The Board first points to Section VII.A, Note 2, which provides that: "An accessory *use* in a . . . R-10 . . . district shall not include the residential occupancy of an accessory building except by domestic employees employed on the premises and the immediate families of such employees . . . ." (emphasis added). We conclude that this section does not prohibit the petitioner's use of her property at issue.

Assuming the detached building is an accessory building as admitted during oral arguments before this Court, the owners of the property are entitled to live there. Section IV of the zoning ordinance includes the following: "*Building, accessory:* A detached subordinate structure operated and maintained under the same ownership and located on the same lot as the main building. No such building may be inhabited or used by other than the owners . . . or their employees." This section of the ordinance prohibits only those *other than owners* from inhabitating or using accessory buildings, and by clearest implication permits accessory buildings to be used and inhabited by owners. We conclude that the

term "owners" in the context of zoning ordinances such as that before us must be construed as including the holder of title to the property and members of the title holder's family, such as Mrs. Farr's son, his wife, and children. Therefore, we further conclude that Section IV permits the residential occupancy of accessory buildings by owners and their families.

[2]   Section VII.A relied upon by the respondent Board and previously quoted herein merely provides that an "accessory use" shall not include residential occupancy by others than servants and their families. Mrs. Farr's use is not an accessory *use*, as that term is defined in Section IV as follows: "*Use, accessory*: A use incidental to and customarily associated with the use-by-right and located on the same lot with the use-by-right . . . ." Here, the use of the accessory *building* by Mrs. Farr's family is not a *use* "incidental to and customarily associated with the use-by-right . . . ." The use-by-right prescribed in the ordinance for property located in an R-10 zone is single family residential use. The use by Mrs. Farr's family in the present case is the use-by-right, i.e., single family residential use. Therefore, since the use of the accessory *building* by Mrs. Farr's family is not an accessory *use* under Section IV, the limitation on accessory uses contained in Section VII.A has no application.

[3]   The Board has also argued that Mrs. Farr is in violation of Section VI.C of the ordinance, which provides in pertinent part that "in no case shall there be more than one main building . . . on the lot nor more than one main use (e.g. commercial, industrial or residential) per building and lot . . . ." This section does not prohibit the use of the accessory building here by Mrs. Farr's family for residential purposes. Mrs. Farr is not in violation of this section because there is only one main building, in which she herself resides, and one main use, which is residential.

This Court has long recognized that:

A zoning ordinance, like any other legislative enactment, must be construed so as to ascertain and effectuate the intent of the legislative body. . . . A zoning ordinance, however, is in derogation of the right of private property and provisions therein granting exemptions or permissions are to be liberally construed in favor of freedom of use.

*In re Application of Construction Co.*, 272 N.C. 715, 718, 158 S.E. 2d 887, 890 (1968) (citations omitted). We conclude that the manner in which we have construed the ordinance before us in this case both effectuates the original intent of the body adopting the ordinance and complies with the rule of liberal construction in favor of freedom of use of private property.

Because we find that the petitioner, Mrs. Farr, is not in violation of the ordinance, it is not necessary for us to reach the issue she has raised concerning the constitutionality of the ordinance.

For the foregoing reasons—entirely differing from those relied upon by the majority in the Court of Appeals—we conclude that the result reached by the Court of Appeals was correct. Accordingly, the holding of the Court of Appeals, in its decision as modified herein, is affirmed.

Modified and affirmed.