■ Town of Oyster Bay, Appellant, v Syosset's Concern About Its Neighborhood (SCAN), Respondent.—In a proceeding pursuant to CPLR article 78 to compel the issuance of a building permit and a use variance, and in our action, *inter alia,* to enjoin the defendant from operating a State-approved residential drug treatment facility at a specified location in the Town of Oyster Bay, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered February 8, 1989, which, after a nonjury trial, *inter alia,* (1) is in favor of the defendant on its first counterclaim to the extent of declaring that the defendant is "exempt from complying with the Town of Oyster Bay Building Code * * * and Zon[ing] Ordinance to the extent that the ordinances attempt to regulate the location, activities and operations of the defendant", and (2) in effect granted the petition in the proceeding pursuant to CPLR article 78.

Ordered that the judgment is affirmed, with costs payable to the respondent.

In October 1986 the defendant Syosset's Concern About Its Neighborhood (hereinafter SCAN), a not-for-profit corporation which provides outpatient "drug-free programs", applied to the New York State Division of Substance Abuse Services (hereinafter DSAS) for a certificate of approval to relocate its outpatient drug-free program from 184 Jackson Avenue to 40 Whitney Avenue. Both locations are in the Village of Syosset

and the Town of Oyster Bay. SCAN had been operating its program in the residential community of Jackson Avenue for 14 years, without any complaints having been registered against it. While its application was pending with the DSAS, SCAN also applied to the plaintiff Town for a building permit and a use variance, since the Whitney Avenue property was located in an "E" Residence District in which SCAN's intended use of the property was not permitted (see, Oyster Bay Code § 341). Both applications were denied, as was SCAN's appeal to the Town of Oyster Bay Zoning Board of Appeals. SCAN subsequently commenced a proceeding pursuant to CPLR article 78 to review the Board's determination, asserting that it was preempted by State law.

Meanwhile, SCAN received a certificate of approval from the DSAS to operate its substance abuse program at the Whitney Avenue location, and the Town commenced the instant action seeking to prohibit SCAN from doing so on the ground that it would violate the Town's building code and zoning ordinance. At the conclusion of a trial, at which it was established that the neighborhood in which SCAN sought to operate its facility was zoned for both residential and business uses, the Supreme Court found in favor of SCAN, upon its determination that the local laws at issue are both preempted by and inconsistent with State law. The court also directed the Town to issue the appropriate permits to SCAN. For the reasons set forth in our decision in *Incorporated Vil. of Nyack v Daytop Vil.* (173 AD2d 778 [decided herewith]), we affirm the Supreme Court's determination. Moreover, we conclude, contrary to the Town's contention, that the balancing of public interests analysis outlined by the Court of Appeals in *Matter of County of Monroe (City of Rochester)* (72 NY2d 338), has no application to the situation at bar. Brown, J. P., Harwood, and Miller, JJ., concur.

Ritter, J. dissents and votes to reverse the judgment appealed from, to declare that the defendant is required to comply with the Town of Oyster Bay Building Code and Zoning Ordinance, and to dismiss the petition, with the following memorandum: For the reasons stated in my dissent in *Incorporated Vil. of Nyack v Daytop Vil.* (173 AD2d 778 [decided herewith]), I disagree with the majority's view that the Town's zoning law is preempted by and inconsistent with State Mental Hygiene Law article 19.

Here, where the defendant has been operating a facility for 14 years in the same municipality, it is even more obvious

that the zoning law is not inconsistent with any overriding State interest. The zoning ordinance merely requires that the State approved facility be sited and conform to certain criteria well within the competence of a local zoning board to determine *(Matter of Ibero-American Action League v Palma,* 47 AD2d 998). It may be that the zoning board abused its discretion in denying the application for a use variance and a building permit; however, this question is not before us. [As amended by order of Sept. 27, 1991.]